THE MARYLAND INSURANCE Co. *vs.* JAMES BOSLEY.
*December,* 1837.

Upon a policy of insurance on cargo as interest may appear—the vessel arrived at her port of destination, and delivered a part of her cargo in safety. In the progress of a regular delivery of the balance, it was partially damaged by the perils of the seas. In an action for a partial loss, *it was held,* that although the amount of the particular loss did not amount to five per centum on the whole value of the cargo shipped by the insured, still he was entitled to recover, the loss being more than *five* per cent. on the amount at risk at the time of the damage.

APPEAL from *Baltimore* county court.

THIS was an action of *Covenant,* brought on a policy of
43        v.9

the appellants, by which they insured the appellee to amount of $13,500, at and from *Baltimore* to *Tampico*, &c. and at and from thence back to *Baltimore*, upon cargo on board the schooner *Ned*. It contained the usual clause, that all *other* than the enumerated articles should be free from average under five per cent. unless general. The defendants pleaded that they had not broken their covenant, on which issue was joined.

. At the trial of the cause the plaintiff proved that said vessel sailed from *Baltimore* for *Tampico*, laden with merchandise belonging to the plaintiff upon the voyage insured, of the cost and value of $57,740 93, and that with said merchandise on board, the said vessel arrived at *Tampico*, on or about the 15th July, 1822, and thereupon proceeded with due diligence, to discharge said merchandise, according to the usage of said port of *Tampico*, and in the only way, from the nature of the harbour, which is practicable, which is by conveying the merchandise in boats to be landed at *Tampico ;* that of said merchandise, there was safely landed by the 29th July, 1822, to the amount in cost and value, as aforesaid, of $39,164 93, leaving a residue of the cargo of said *Bosley*, on board, of $18,576, in cost and value as aforesaid ; that of said residue of said merchandise of said *Bosley*, there were loaded on a boat to be conveyed to *Tampico* as aforesaid, six packages, consisting of linens (of which article the whole cargo aforesaid, of said *Bosley* was composed) that said six packages were of the amount in cost and value as aforesaid, of $2,884 57 ; that by perils of the seas, the boat so conveying said six packages, was, while duly pursuing her course to *Tampico* aforesaid, from the vessel, upset, and the goods in said six packages thereby were damaged to the amount of $1,320 49. Whereupon, the defendants prayed the court to direct the jury that if they believe from the evidence, that the amount of particular average loss sustained by the plaintiff, on the six cases of merchandise which was damaged in the course of being landed at *Tampico*, was not to the amount of five per cent. on $57,740 93, being the whole amount of

insurable interest, as per invoice of the schooner *Ned*, mentioned in the policy, then the plaintiff is not entitled to recover, notwithstanding the jury may also believe from the evidence, that at the time of the happening of the loss, a large part of the outward cargo had been safely landed, and that there was at that time on board goods to the amount only of $18,576. The defendants, by their counsel, prayed the court further to instruct the jury, that if they believe from the evidence, that the amount of particular average loss sustained by the plaintiff on the six cases of merchandise which were damaged in the course of being landed at *Tampico*, was not to the amount of five per centum on $57,740 93, being the whole amount at risk when the policy attached, and that the voyage was in fact from *Baltimore* to *Tampico*, and back again to *Baltimore*, then the plaintiff is not entitled to recover; notwithstanding the jury may also believe, from the evidence, that at the time of the happening of the loss, a large part of the outward cargo had been safely landed, and that there was at that time on board goods to the amount of only $18,576. All which instructions the court (*Magruder, J.*) refused to give. The defendant excepted.

After this exception, the parties entered into the following agreement:

BOSLEY *vs.* MARYLAND INSURANCE COMPANY. *In Baltimore County Court.* We consent to a verdict of $1,500 for the plaintiff. *Mr. John Gill* is to make a statement of the plaintiff's claim, in which he shall allow him $200, with interest from 6th May, 1823, and such amount of particular average as he may find to be due upon a calculation of loss, based upon actual average sales of sound goods, of the same kind with those damaged at *Tampico*, and such other times of computation, as are usually regarded in an estimate of particular average loss, with interest thereon from February 5th, 1825.

A verdict was accordingly taken for $1,500, and afterwards the parties filed the following statement:

" Statement of particular average on three boxes Platillas,

one box Creas a Morlaix, one box Listadoes, and one box Ronans; part of the cargo of the schooner *Ned, John Coleman*, master, damaged on a voyage from *Baltimore* to *Tampico*, on which she sailed about the ——

It is stated to me, it is admitted
that the amount of the invoice
of the entire cargo is  .  .  $55,431 00

Which sum covered at a premium
of 4 per cent. is equal to .  .  .  .  $57,740 00

The invoice book shews that the
above damaged goods, to wit:
three boxes Platillas, one box
Creas a la Morlaix, one box
Listadoes, and one box Ronans,
cost per invoice, less debenture,
$2,769 00, which covered at a
premium of 4 per cent. equal to  .  .  .  2,884 57

Sound value at *Tampico* of the
goods damaged, ascertained as
follows: ·

The sales of sound goods at *Tampico* shew, that the average gross
value at that place of sound
Platillas, is $15 89, pr. piece;
sound Creas a la Morlaix, is
$32 63, pr. piece; sound Ronans, is $30 22, pr. piece; and
the proportionate sound value
of Listadoes, is $13 00, pr.
piece.

At which rates, the gross sound
value of the goods damaged and
sold at vendue, are as follows:·

The Maryland Insurance Co. *vs.* Bosley.—1837.

| | | | | |
|---|---|---|---|---|
| 100 pieces Platillas, | at $15 89, | 1,589 00 | |
| 25  " Creas, | 32 63, | 815 75 | |
| 25  " Ronans, | 30 22, | 755 50 | |
| 50  " Listadoes, | 13 00, | 650 00 | |
| | | $3,810 25 — | 3,810 25 |

But being damaged sold only for gross, as pr. the sales thereof exhibited, . . . . . . 2,066 00

Difference, . . . . . . $1,744 25

If $3,810 25, lose $1,744 25, what will $100 lose? answer $45, 777836 per ct. $2,884 57, at $45, 777836 per cent. equal $1,320 49.

If $57,740 00, the interest on the entire cargo, lose $1,320 49, by reason of damage, what will $13,500 00, insured by the Maryland Insurance Company lose? answer, $308 74. JOHN GILL."

BALTIMORE, 14*th November*, 1835.

A judgment was entered in conformity to this statement and the agreement before mentioned—and the defendants appealed. The exception was argued before

BUCHANAN, Ch. J. STEPHEN, DORSEY, CHAMBERS, and SPENCE, Judges.

DAVID STEWART, for the appellant:

Cited *Phillips on Ins.* 397. *The Ocean Ins. Co. vs. Carrington*, 3 *Conn. Rep.* 357, 361. 7 *Pick. R.* 259, 266. *Stev. & Ben.* 427.

GLENN and MAYER, for the appellees:

Cited *Rohl vs. Parr*, 1 *Esp. Rep.* 445. *Park*, 163. 2 *Mar.* 620. 1 *Phil. Ins.* 494. *Hughes*, 215.

By the court:

JUDGMENT AFFIRMED.