Grason, j.,
delivered the opinion of the court :
This case has arisen out of the conflicting claims of the creditors of Elizabeth Frisby and John J. Frisby, respectively, to the proceeds of the sales of the property mentioned in the proceedings in the cause, and this is the second time this case has been before this court upon appeal. The first appeal was from an order of the court below, continuing the injunction till the final hearing. The order was affirmed by this court, and the cause remanded for further proceedings. A supplemental or amended answer was filed, further evidence was taken and, upon final hearing, a decree was passed decreeing, among other things, that the property, in the proceedings mentioned, was the property of Elizabeth Frisby, and, as such, was held to the payment of the debts due to the complainant and others, her creditors, at the time of her death. From this decree the defendants appealed. It has been urged that the decision upon the former appeal has settled the questions which the present appeal presents for the consideration of the court, and is conclusive upon the parties and the court. It is perfectly clear that, if the same questions are presented upon this appeal as upon the former, and upon the same state of facts, the former decision must stand as the law of this case and the parties and this court must be bound by it. The *question presented by the record, upon that appeal, was whether Mrs. Frisby had made an election to take the property in question under the will of Mrs. Edwards or that of her father Mr. Edwards, and though the question whether or not there was an agreement between Mrs. Frisby and Mrs. Edwards, was not directly presented by the pleadings, it came up incidentally, and its existence and binding force were forcibly urged by the counsel for the appellees. The court decided that no election had been made, and that there was no sufficient proof of an agreement between Mrs. Frisby and Mrs. Edwards, and the order continuing the injunction till final hearing was affirmed, and the case went back for further proceedings. The evidence of such an agreement, as contained in the record of the former appeal, was, owing to the language used by the witness, uncertain, ambiguous and liable to misconstruction. Is there any uncertainty, ambiguity or insufficiency in the evidence, as presented *67 by the record in this case ? Is the state of the facts the same in this, as in the former appeal ? We think not. Mr. Ricaud was again examined and his attention called to his former evidence, and he has clearly, distinctly and unequivocally sworn that there was' an agreement between Mrs. Edwards and Mrs. Frisby, by which the former who was possessed of a large real and personal estate in her own right, as well as of a life estate in certain property devised to her by 'her husband, with a reversion to Mrs. Frisby in fee, was permitted to devise to John J. • Frisby, “ Oxford and Mount Pleasant,” and “ Lot No. 17,” (the property so devised by her husband,) in consideration that she (Mrs. Edwards) would devise to her daughter, Mrs. Frisby, a life estate in the whole property, including as well the property which Mrs. Edwards held in her own right, as' the property so devised to her for life, by (her late husband, with the right to Mrs. Frisby to give the first named property to her children, other than John J. Frisby, in such shares and proportions, and for such estate or estates as she by her last will and testament might determine. Mr. Ricaud *further proves that both of the above named ladies, and be thinks all the other members of the .family were present, when he drew Mrs. Edwards’ will ; that he received instructions from both of the said ladies — that it was drawn and executed in pursuance of the said agreement, and that both before and after its execution, Mrs. Frisby stated to Mrs. Edwards that she would' stand to and carry out the provisions of itbe said will. The will having been drawn and executed in pursuance of the agreement, shows clearly and distinctly what the agreement was. The state of facts, thus presented, is very different from the proof upon the former appeal, and it is admitted by the counsel for the appellees that the evidence must be the same to make the decision upon the former appeal binding upon this. This view of the case is also sanctioned by State v. Reigart, 1 Gill, 27. The facts of that casé were, that a legacy to Elizabeth Stevenson was paid to her husband ; he died and his widow and her brother, Philip Reigart, administered upon his estate ; she exhibited to the Orphans’ Court her account against her husband’s estate for the amount of the legacy he had received, with a copy of the will under which she took, and proof 'tending to show that the legacy had been paid to *68 her husband in consideration of a promise and agreement by him to invest it in property to be held as the separate estate of his wife. The Orphans’ Court passed the claim, and the creditors and distributees of the husband appealed and the Court of Appeals decided that the will did not give her the legacy as her separate estate, and that there was no sufficient proof of the alleged promise and agreement by the husband. See Stevenson v. Schriver, 9 G. & J. 337. A judgment creditor of the husband afterwards brought suit upon the administration bond of Mrs. Stevenson and Reigart, who pleaded general performance and plene administravit, and the question was raised whether the widow was entitled to retain out of her husband’s estate, as his creditor, on account of her legacy which he had received, and full proof was produced of his agreement to invest it in property for her separate use. The judgment *was in her favor, and the plaintiffs appealed and relied upon the decision in the former case as conclusive upon the question, but the court affirmed the judgment.
The agreement between Mrs. Edwards and Mrs. Frisby having been established by the proof in the cause, and this court being of opinion that the decision upon the former appeal does not conclude the rights of the parties in the case now under consideration, the only remaining question to be determined is, is the agreement such an one as equity and good conscience require to be enforced. The agreement was made by parties competent to contract, for a meritorious and valuable consideration, and it has been completely executed by Mrs. Edwards upon her part, who has since died. Mrs. Frisby received under Mrs. Edwards’ will not only a life estate in the property mentioned in the proceedings in this cause, but also a life estate in all her mother’s property in consideration of her agreement to stand to and carry out the devise of the reversion in “ Lot No. 17,” and “ Oxford ” and “ Mount Pleasant,” to John J. Frisby ; and if, after enjoying the benefits, flowing from the execution by Mrs. Edwards of her will in pursuance of the said agreement, it is not to be enforced as against Mrs. Frisby, a fraud will have been perpetrated, not only upon Mrs. Edwards, but also upon John J. Frisby, who will be deprived of all benefit of his grandmother’s estate, while it clearly appears that she intended him to receive a large share of her bounty. *69 Justice to the living and to the dead, as well as sound principles of equity, require that the contract should be enforced as against Mrs. Frisby. Owing’s Case, 1 Bland, 397; Dufour v. Pereira, 1 Dick. 420; 1 Story’s Eq. Jur. sec. 781.
The complainants have also appealed from that part of the decree which overrules their objections to the filing of the supplemental answer of the defendants, and allowing the same to stand as part of the proceedings and pleadings in the cause, also from that part of it which overrules their exceptions to the supplemental interrogatories to Mr. Ri.caud, and his answers thereto.
*The action of a Court of Equity, on an application for leave to file a supplemental answer, depends upon its discretion, and cannot be assigned as error, or reviewed on appeal. Calvert v. Carter, 18 Md. 74.
This court is of opinion that there was no error in the ruling of the court below upon the exceptions to the interrogatories and answers. Mr. Ricaud had been previously examined ; grave doubts had been entertained as to the true meaning and construction of his testimony,- and the parties had a right to direct his attention to the particular point upon which his further evidence was required. The rulings of the court below, upon the appeal of the complainants, are affirmed, and, upon the appeal of the defendants, this court will pass a decree reversing the decree of the court below, and sending back the case for further proceedings.
The costs upon both appeals in this court and in the court below to be paid out of the trust fund.

Decree reversed and cause remanded.