Windsor & Cathcart v. Cobb.

*Struble, Rishel & Hart,* for appellants.

*Argo & McDuffie,* for appellees.

1. INTOXICATING liquors: nuisance: attorney's fees: statute retroactive.

2. ——:——: ——: amount: review.

AFFIRMED.

WINDSOR & CATHCART V. COBB *et al.*

**Appeal:** REVIEW OF FORMER OPINION: STARE DECISIS. The correctness of an opinion filed by this court may be reviewed upon a petition for rehearing, but not on a second appeal in the same case.

*Appeal from Taylor District Court.*—HON. J. W. HARVEY, Judge.

FILED, SEPTEMBER 5, 1888.

THE facts are stated in the opinion.

*G. B. Haddock,* for appellants.

*J. L. Brown* and *Chas. Thomas,* for appellees.

SEEVERS, C. J.—This case was before the court at a former term, and the opinion will be found in 72 Iowa, 692. In supposed obedience to such opinion, the district court caused to be entered a decree; no additional evidence having been offered by either party. The defendants appeal, and insist that the court below misconstrued the opinion of this court. They maintain that the words, "if all the mortgages are paid," mean and include the Lombard mortgages only, but we are unable to see how the language used can be thus limited. "All the mortgages" must mean all mortgages mentioned in the opinion and which were material to the adjustment of the whole matter in controversy. Counsel insist that if the opinion of this court is thus construed, it is wrong, and the defendant Evans greatly damaged thereby. Into this field of discussion we cannot enter. The argument of counsel, if made in support of a petition for rehearing, would have been entitled to, and would have received, consideration. But the former decision constitutes the law of this case, and cannot be reviewed except as provided by law. The decree of the district court being in conformity with the opinion of this court, it must be                                        AFFIRMED.