## HEFFNER V. BROWNELL.

1. **Appeal:** PRACTICE: REVIEWING DECISION ON PRIOR APPEAL. This court will not, on a second appeal, review or reverse a decision made on a prior appeal of the same case. (*Adams County v. Burlington & M. R. Ry. Co.*, 55 Iowa, 94, *followed*).

2. **Promissory Note:** PARTIES BOUND: PAROL. Parol evidence is inadmissible to show that it was the intention of all the parties to a promissory note that only one of the signers should be bound thereby, when the note itself clearly expresses the undertaking of the parties.

*Appeal from Buchanan District Court.*—HON. J. J. NEY, Judge.

FILED, OCTOBER 4, 1888.

ACTION on a promissory note, of which the following is a copy :

"INDEPENDENCE, Iowa, July 18th, 1884.

"One year after date, value received, we promise to pay Daniel Heffner, or bearer, two hundred dollars, with eight per cent. from date until paid. Payable at Independence, Iowa, with reasonable attorney's fees if sued. If interest is not paid when due, it shall draw interest at eight per cent.

"INDEPENDENCE MFG. CO.
"B. S. BROWNELL, Pres.
"D. B. SANFORD, Sec'y."

Defendant Brownell filed a demurrer to the petition, which being sustained, the cause was brought, upon appeal, to this court, and the judgment was reversed. See 70 Iowa, 591. Defendant then filed an answer, in which he alleged that the instrument sued on is the note of the Independence Manufacturing Company alone ; that it was given for an indebtedness of that company to plaintiff, and was executed under the seal of said company, which is a corporation ; that defendant was president and D. B. Sanford was secretary of the

company, and it was their duty, under its by-laws, to execute in its name all contracts entered into by it ; that, in pursuance of that authority, they signed the note, intending to bind the company only, which facts were well known to plaintiff at the time, and that he accepted it with the understanding that the company alone was to be bound. Plaintiff demurred to the answer, and, the demurrer being overruled, he electing to stand on his demurrer, judgment was for defendant for costs, from which judgment he appeals.

*Woodward & Cook*, for appellant.

*Lake & Harmon*, for appellee.

REED, J.—I. On the former appeal we held that "the note purports on its face' to be the note of all the persons, including the corporation, who executed it." The correctness of that holding has been questioned on this appeal, and numerous authorities have been cited with which it is claimed by counsel to be in conflict. But the settled rule is that we will not on a second appeal review or reverse the decision made on the former appeal. *Adams County v. Burlington & M. R. Ry. Co.*, 55 Iowa, 94. The holding is therefore the law of the case.

II. The only other question in the case is whether extrinsic evidence would be admissible to show the intention of the parties. There is no ambiguity in the language of the contract, but it clearly expresses the undertaking of the parties. The almost uniform holding of the authorities is that in such cases parol evidence of the intention of the parties is not admissible. The holding of many of the cases cited by appellee on the first proposition is to that effect. *Scanlan v. Keith*, 102 Ill. 634 ; *Draper v. Mass. Steam Heating Co.*, 5 Allen, 338. We think the demurrer should have been sustained.

REVERSED.