(3 Misc. Rep. 72.)

## CORN et al. v. ROSENTHAL.

(Common Pleas of New York City and County, General Term.    March 16, 1893.)

APPEAL—DECISION—LAW OF CASE.

The decision on a former appeal becomes the law of the case, and on a second appeal nothing is before the court but the proceedings subsequent to the mandate.

(Syllabus by the Court.)

Appeal from eleventh district court.

Action by Samuel Corn and another against Joseph Rosenthal for rent. There was judgment for defendant, and plaintiffs appeal. Affirmed.

For decision on former appeal, see 20 N. Y. Supp. 632.

Argued before BISCHOFF and PRYOR, JJ.

Norwood & Coggeshall, for appellants.

F. R. Minrath, for respondent.

PRYOR, J.    On a second appeal the court will not review or reverse a decision made on a prior appeal in the same case.    Heffner v. Brownell, 75 Iowa, 341, 39 N. W. Rep. 640; Adams v. Railroad Co., 55 Iowa, 94, 2 N. W. Rep. 1054, and 7 N. W. Rep. 471. The decision on the former appeal becomes the law of the case, (Doyle v. Wade, 23 Fla. 90, 1 South. Rep. 516; Goodman v. Walker, 30 Ala. 482; Frisby v. Parkhurst, 29 Md. 58; Johnston v. Saving Union, 75 Cal. 134, 16 Pac. Rep. 753,) and upon the second appeal nothing is before the court for adjudication but the proceedings subsequent to the mandate, (Fortenberry v. Frazier, 5 Ark. 200.)    An opinion of the appellate court determining the case upon two distinct and sufficient grounds is to be treated, when cited as authority, as decisions upon both grounds, not as dicta on either.    Bates v. Taylor, 87 Tenn. 319, 11 S. W. Rep. 266.

It is sought by the present appeal to reverse the judgment because of the admission of parol evidence claimed to be repugnant to the terms of a written agreement.    But on a previous appeal to this court the precise point was presented, and the adjudication was in favor of the competency of the evidence.    Corn v. Rosenthal, (Com-Pl. N. Y.) 20 N. Y. Supp. 632.    True, the court also decided that the justice erred in withholding the issues from the jury, but, nevertheless, the adjudication on the question of evidence at the former trial stands as the law of the case; and we perceive in the return before us no allegation of error not passed upon on the prior appeal.    The evidence on the trial under review varied in no essential circumstance from the evidence at the first trial.    Although the question now agitated be of difficult and doubtful solution, we are concluded by our former determination.    The appellant's remedy was by an application for a reargument of the original appeal.    Windsor v. Cobb, 74 Iowa, 709, 39 N. W. Rep. 93.    Judgment affirmed, with costs.