## O. S. GARRETSON, Appellant, v. MERCHANTS & BANKERS INSURANCE COMPANY.

Insurance: Construction of Policy. A policy allowing use "for any mercantile purposes," does not allow a restaurant. KINNE, J., dissents.

Practice: Supreme Court: SECOND APPEAL. Such a construction made on first appeal remains the law of the case, though there be evidence on second trial, that the term "mercantile purposes" may mean "restaurant."

Evidence. Before it can be shown that gasoline may be used in a building used "for mercantile purposes" in spite of a clause in the policy forfeiting it, on the ground that permitting a certain use of a building allows that to be used which is customarily used in such a building, it must first be shown that such use of the building was permitted.

NOTICE TO AGENT. While notice to an agent is binding on principal though the agent was not, at the time notice is given, employed in the work of his agency, a talk about a building belonging to another than the policy holder and which *was* insured, is not notice as to the building in controversy.

SAME. Admissions of a soliciting agent tending to show that he gave notice to the company, are inadmissible.

### Appeal from Polk District Court.—HON. W. F. CONRAD, Judge.

### SATURDAY, OCTOBER 20, 1894.

ACTION on a policy of fire insurance. Judgment for the defendant, and the plaintiff appealed.—*Affirmed*.

*Merrit & Bunting* for appellant.

*James A. Howe* for appellee.

GRANGER, C. J.—This cause was before in this court and is reported in 81 Iowa, 727. At the time of the loss the building insured was being used as a

restaurant and a clause of the policy provides that it was to be used for "any mercantile purpose." On the former appeal it was held as a matter of law that the use of the building as a restaurant was a violation of the provision that it should be used for mercantile purposes and the cause was reversed because of an instruction not in harmony with such holding, and further because the verdict for plaintiff was without support in the evidence. In avoidance of the allegations of the answer that the building was used as a restaurant in violation of the terms of the policy, the plaintiff pleaded that the policy was issued and continued with knowledge on part of the defendant that the building was to be so used.

I. In support of this plea in avoidance, W. C. Garretson, a brother of the plaintiff, was a witness, and testified that he met in Des Moines Prof. Carpenter, who was president of the defendant company, and the conversation turned upon what changes had been made in Oskaloosa, where both had been acquainted, and the witness said: "I spoke of the new buildings that were near the corner I called my corner. Then I said to him that my corner had been turned into a restaurant. He said: 'Yes, yes; I know that, because it was insured in our company.' After a few more remarks about changes, we separated, and that was all there was about it." The court reserved its ruling on the question, and after the admission of considerable other evidence the motion to strike was sustained. The grounds of the motion are that the testimony was immaterial, and that it did not appear that Carpenter, at the time of the conversation, "was acting in the capacity of president of the insurance company and transacting its business." The case is argued to us on the theory that the court sustained the motion to strike on the latter ground, by which we understand the same rule to be applied to the imparting of knowledge or to

the acquisition of knowledge by a corporation that would obtain where it sought to bind a principal by the acts and declarations of his agent, which is that when the acts are done or when the declarations are made he must be engaged in the business of his agency. We are not prepared to sanction such a rule, nor do we think that the learned judge who presided at the trial took that view of the law. This seems quite apparent from his remarks and the condition of the record as to the other rulings. We, however, think the testimony was immaterial. The policy issued to C. S. Garretson, and by its terms he was the sole owner of the property. The evidence refers to a corner owned by W. C. Garretson, and not to a building then insured in the defendant company but one that *was* or had been so insured. If the record contains anything to change this inference from the language of the witness, our attention has not been called to it nor have we discovered it. We think the court was not in error in excluding the evidence.

III. On the other appeal this court defined the legal significance of the clause of the policy permitting the use of the building for mercantile purposes, and that holding must obtain throughout the future progress of the case. *Windsor v. Cobb*, 74 Iowa, 709, 39 N. W. Rep. 93; *Babcock v. Railway Co.*, 72 Iowa, 197, 28 N. W. Rep. 644, and 33 N. W. Rep. 628; *Heffner v. Brownel*, 75 Iowa, 341, 39 N. W. Rep. 640. There is a claim that the holding should now be different, because of evidence showing that the term has a different meaning. We do not concur in that view, but even if so the rule, for the purposes of the case, would not be changed. See cases above cited.

II. C. F. Springer was the soliciting agent through whom the application for the policy was made, and the question of his authority to bind the company was

settled on the former appeal. On the last trial, L. P. Garretson, who is the wife of W. C. Garretson, was a witness, and she was the person who acted for the plaintiff in obtaining the insurance. She was asked as to conversations she had with Springer, and what Springer said as to his having told the officers of the company about the use of the building as a restaurant, and what they said. This the court refused to permit, and rightly so. While Springer might have been used as a witness to show what he said to the officers, his conversations with the witness were not as to matters wherein his statements could bind the company, and they could not properly be given in evidence.

IV. The court, at the close of the evidence, directed a verdict for defendant; and it is said that the action was erroneous, because the weight of authority is that, "where the terms of the policy allowed the occupancy of a building for the purpose for which it was used, it provided for what was customarily used in that building." A defense to the action is that gasoline was used in the building, in violation of the terms of the policy. Gasoline was used in the building, and there is a condition of the policy against it; but its use is attempted to be justified on the ground that the use of the building as a restaurant was authorized, and that the use of gasoline was necessary to its use as a restaurant. But before the right to use gasoline can arise for consideration, the right to use the building must appear, and on that branch of the case there is no evidence to warrant its submission to the jury, and we think that was the controlling thought with the district court in directing a verdict for the defendant. There are no other considerations that we need consider, and the judgment is AFFIRMED.

KINNE, J.—While we are to be governed on the appeal by the law as announced in the former opinion, I do not wish to be understood as assenting to the correctness of the construction therein given to that clause of the policy which provided that the building should be used for "any mercantile purpose."