Sophia M. Rice, Guardian, v. The Grand Lodge of The Ancient Order of United Workman of Iowa, Appellant.

**Insurance:** SUSPENSION. A mutual benefit society does not waive the requirement of a certificate of health as a condition of the reinstatement of a member who has defaulted in the payment of assessments, by receiving and crediting to him the amount of the assessments from him, and retaining the money for a reasonable time, where it sent him a marked copy of the order calling his attention to the necessity of reinstatement.

SAME. A member of a benefit society, whose laws provided that failure of any member to pay an assessment by the twenty-eighth day of the month should operate as a suspension, subject to reinstatement on compliance with certain requirements, mailed an assessment on the twenty-fifth of the month, and died on the twenty-ninth, several days before the money reached the society, which refused to accept it. *Held*, that deceased was legally suspended at the time of his death.

WAIVER. The fact that a benefit society, whose laws provided that non-payment of an assessment by a particular date should operate as a forfeiture of a member's rights, subject to reinstatement on payment of arrearages within four months thereafter, had frequently received assessments from a member after they became

due, did not waive a subsequent suspension for non-payment of an assessment when due.

*Same.* That a member of a mutual benefit society had at times, as a matter of convenience to him, been allowed to pay his assessments before maturity, does not tend to show a license for, or even acquiescence in, non-payment of other assessments as they became due.

**Appeal.** Legal propositions determined on appeal stand as the law of the case on a subsequent appeal.

*Appeal from Black Hawk District Court.*—HON. A. S. BLAIR, Judge.

FRIDAY, OCTOBER 29, 1897.

THIS cause was before in this court, and reported in 92 Iowa, at page 417. The facts are there fully stated, and need not be re-stated here. On the former trial the district court sustained a motion by plaintiff for a verdict in her favor, and on the hearing in this court the action of the district court was reversed on the ground that the evidence did not authorize such action, and the cause was remanded for further proceedings. At the next trial in the district court, when the evidence was concluded the defendant moved for a verdict in its favor for several reasons, which the court denied, and submitted the cause to the jury, that returned a verdict for the plaintiff, and from a judgment thereon the defendant appealed.—*Reversed.*

*J. D. & C. Nichols* for appellant.

*Hunt & Morrill* and *O. C. Miller* for appellee.

GRANGER, J.—Some legal propositions were settled on the former appeal, and they must stand as the law of this case. *Windsor v. Cobb,* 74 Iowa, 709; *Heffner v. Brownell,* 75 Iowa, 341.

It is not, and could not well be, contended that, if Rice was legally suspended at the time of his death, there could be a recovery by plaintiff. Looking to the case on the other appeal, it will be seen that the financier of the subordinate lodge was required to send to each member a copy of the assessment not later than the eighth day of each month, and that any member failing to pay the assessmnet against him by the twenty-eighth day of the same month forfeited all rights under his certificate. The effect of this non-payment was a suspension, by operation of the law of the order. By the same law it is provided that, if all assessments shall be paid at any time within four months, the mere fact of payment shall operate to reinstate the person suspended. If not thus reinstated within the four months, a reinstatement thereafter must be by such payments, a certificate of health, and a vote of the local lodge. Rice had been suspended for more than the four months when he sent the twenty dollars which paid all arrearages to the date of such payment, but he furnished no certificate of health, and no vote of the local lodge had been taken. This twenty dollars was to cover seventeen assessments in the year 1891, and three quarterly dues. The twenty dollars was mailed at Niehart, Mont., August 24, 1891, and received at Guttenberg, Iowa, by the local lodge, September 2, 1891, and placed to the credit of Rice on the books. The secretary acknowledged the receipt of the money, and inclosed in the envelope a copy of the laws of the order, so marked as to call attention to the requirement that a health certificate should be furnished before reinstatement. On the eighth of September, 1891, the secretary of the local lodge mailed to Rice, at Niehart, Mont., notice of another assessment, which was received about the fifteenth of the month; and on the twenty-fifth of the month Rice sent

by mail, five dollars, which was received by the lodge October 3, 1891. By the law of the order, the payment must be made by the twenty-eighth of the month, or suspension follows. On the former appeal it was held, under the same state of facts, that there was no payment until after the twenty-eighth day of the month, and hence from the twenty-eighth Rice stood suspended, because of such non-payment, unless certain facts relied on would defeat such a result. He died on the twenty-ninth. Among the reasons urged in support of a waiver by the order is the manner in which Rice had been permitted to pay his assessments. It does appear that he had at times paid his assessments before due; that is, he would make payments before notice of assessments. It does not appear that he was to do so. It was a matter of choice with him, and we know of no rule or reason by which it can be said that such a payment tends to show a license for, or even acquiescence in, non-payments of assessments as they should become due. It appears to have been done as a matter of convenience to. or choice by Rice, and not in any way at the instance of the order. It also appears that he many times paid after the twenty-eighth of the month. That was his absolute right. The lodge was bound to accept such payments, and they had the effect of a reinstatement. To have denied them would have been violating the contract, and the result would have been, probably, a reinstatement without payment. There is absolutely nothing in such an act to show a purpose to permit or sanction an irregular course of dealings. To illustrate the argument, it is said that in 1890 assessments 8 and 9 were paid three months after due, "and no question was raised, so long as defendant got the money." What question could be raised? Notices were given of the assessments regularly, so far as known,

and it was for Rice to pay or not, as he might elect. Whether paid before or after the twenty-eighth of the month, the lodge must accept it, within the four months, and the law fixed his status. We are not told in argument what the lodge should have done in such a case to avoid a waiver, and it is difficult to anticipate any duty, except to receive and give credit for the money.

It is said that "every act and relation between Rice and defendant for a course of years, even up to Rice's death, showed a disregard of strict compliance." Taking the dealings prior to the receipt of the twenty dollars, September 2, 1891, we do not find a single act on the part of the lodge, not in harmony with the prescribed course of dealings, from which it could be reasonably understood that the lodge intended to sanction a course of dealings on the part of Rice not prescribed by his contract, which included the law of the order. As to receiving and giving credit for the twenty dollars September, 1891, we find nothing to indicate just the course to be pursued by the lodge. It was one step, and the first, required for reinstatement. The doing of that could only be considered as tending to show an intent to treat Rice as reinstated, but any such purpose is disproved by sending the marked copy of the laws, to call his attention to what was necessary for reinstatement. It is not known that Rice ever saw the marked portion of it, but the purpose of the lodge is as conclusively shown; and Rice is presumed to have known his duty under his contract. The time was short between the receipt of the money and his death, and the lodge might well anticipate that he intended to complete his reinstatement. Till the health certificate came, the lodge could not accept him by a vote. We said on the other appeal, to meet an argument by defendant, that, "if the financier and treasurer

of the local lodge received payments of assessments, which were held and applied to the purposes of the order, it does not appear to us that the defendant is in any position to claim that these acts were without authority." That rule obtains in the case. There is nothing, except the giving of the credit, to indicate that it was applied to the purposes of the order. There was not a lapse of time, or other facts to indicate that Rice did not intend to complete his reinstatement, so that a presumption might arise that the order intended to keep the money and treat him as reinstated. It is to be said that, pending a sufficient time for Rice to complete his reinstatement, the financier should have made a record of the receipt of the money, so that in his absence the fact of the payment could be known. It is not easy to see why a credit was not a proper course to pursue; the money to be afterwards charged back, if returned for any reason. If, for any reason, it could be held that there was a reinstatement from suspension because of defaults in the payments of the seventeen assessments, it still remains that there was a default in the payment of the eighteenth assessment, because we before held, under the same facts, that the payment was not made in time, and that the financier was not required to, and did not, receive it. What we have said shows our conclusion that there was no course of dealing to avoid a suspension if the assessment was not paid by the twenty-eighth of the month. His death was after the twenty-eighth, and before payment, so that he died suspended for that particular default, if not for previous ones. There is really not a dispute as to facts determinative of the case. It is thought that *Mayer v. Insurance Co.*, 38 Iowa, 304, authorizes a payment after the death of the assured, though it was due before. That is true wherever, by the terms of the contract, or a course of dealings, there is no suspension or forfeiture from which there must

be a reinstatement. In this case we have said that there are no facts to show a waiver of the obligation to pay by the twenty-eighth of the month. The payments after that date were made because the laws gave that right. We think the court should have directed a verdict for the defendant.—REVERSED.

KINNE, C. J., took no part.