James Robertson, Sr., Appellant v. The Moline Milburn Stoddard Company.

**Deed as Mortgage:** Evidence. Agreement of grantee that if he does not sell the property, and grantor pays a certain debt within a year, he will convey the property back, does not make the deed a mortgage.

Redemption. A creditor to whom real estate has been conveyed by an absolute deed for the purpose of securing a debt cannot redeem the property from a sale on foreclosure after the nine months from the date of sale.

*Appeal from Cherokee District Court.*—Hon. Scott M. Ladd, Judge.

Monday, October 17, 1898.

Action to have a deed, absolute upon its face, declared a mortgage, and to quiet plaintiff's title against the mortgagee. Trial to court. Decree for defendant. Plaintiff appeals.—*Affirmed.*

*E. C. Herrick* for appellant.

*M. Wakefield* and *J. D. F. Smith* for appellee.

Waterman, J.—The following statement discloses the issues involved: In April, 1889, one W. W. Merideth was engaged in business in Washta, Iowa. He failed about this time, owing appellee the sum of one thousand six hundred dollars. Appellee commenced an action on its claim, and sued out a writ of attachment, which was levied on Merideth's property. Merideth was in possession of lot 7 in block 4 in the town of Washta, the title being in the name of his wife. Appellant has a mortgage on this lot to secure the sum of about nine hundred dollars. The Des Moines Buggy Company also has a mortgage thereon, securing a debt of two hundred and fifty dollars. The property was worth less than the mortgage

debts.   After appellee's writ of attachment was sued out, Merideth and wife gave to Smith, appellee's attorney, and who acted for it in the attachment proceeding, a warranty deed of said lot.   This deed contained full covenants of warranty, except as against the mortgages mentioned.   Appellant foreclosed his mortgage on the lot, sold the same on execution, and bid it in for about four hundred and fifty dollars.   The Des Moines Buggy Company, appellee, and Smith, were parties defendant in the foreclosure proceeding.   Smith conveyed the property to appellee, who redeemed from the foreclosure sale within one year, but after nine months from the date of the sale.

The appellant now claims that the deed from Merideth to Smith was a mortgage only ; that redemption should have been made by appellee as creditor, and, not having been made within nine months from date of sale, such right is barred; and that appellant is now the owner and entitled to a deed. On a former appeal of this case (88 Iowa, 463), it was held that a creditor, to whom the real estate has been conveyed by an absolute deed for the purpose of securing a debt, is not a vendee of the debtor, in such sense as to allow of his making redemption during the last three months of the year succeeding the sale.   This holding is the law of this case.   *Rice v. Grand Lodge,* 103 Iowa, 643.   In order to have an absolute conveyance declared a mortgage, the proof should be clear and satisfactory. *Langer v. Meservey,* 80 Iowa, 158, and cases cited.   In *Kibby v. Harsh,* 61 Iowa, 196, it is said such proof must be conclusive.   There was testimony on the part of plaintiff tending to show that the deed was given as security only.   But there was evidence on behalf of defendant which was directly in conflict with this claim.   It was the contention of defendant, and it offered evidence in support of it, that Smith took an absolute title under the deed, but that, by oral agreement, he was to sell the property and make a certain application of the proceeds.   Appellant claims that

this agreement created an express trust, and that oral evidence was not competent to establish it.   This may be conceded, but we cannot perceive that it in any wise strengthens plaintiff's case.   The denial that the conveyance was taken as security still stands.   If all testimony relating to the so-called "trust" is stricken out, it in no manner detracts from the evidence offered in defendant's behalf, to the effect that there was no agreement or understanding that Merideth was to retain a right of redemption.

It is argued by appellant that Smith, who was the principal witness for the defense, admits that the Merideths retained a right of redemption.   We do not so understand his testimony.   He does say it was agreed that if he did not sell the property, and if Merideth paid a certain debt within one year, he (Smith) was to deed the property back.   While it is not clear, there is some evidence tending to show that this agreement to re-convey was made after the delivery of the deed, and was purely voluntary on Smith's part.   However this may be, such an arrangement is far from giving or reserving a right of redemption.   It in no way fettered Smith's right to sell at any time.   Smith testified that this agreement was in writing, and counsel for appellant argues earnestly and at some length that, under the issues, his evidence on this point should not have been admitted.   The claim is that an oral trust agreement was pleaded, and no other could properly be proved.   Since we allow no weight to the trust agreement in our consideration of the case, this matter is wholly immaterial.   But we think counsel is in error on this point.   The oral agreement pleaded was that creating the trust; the written agreement testified to did not relate to the application Smith was to make of the proceeds of the property when sold, but only to a right given the Merideths to re-purchase within a fixed period if he did not dispose of the land.   The testimony is not of such a convincing character as to warrant us holding the conveyance to be a mortgage.   The decree of the district court is therefore AFFIRMED.

LADD, J., took no part.