HENRY L. B. LANGFORD BROOKE, Appellant, v. MATTHEW KING, Assignee.

**Claims Against Estate of Insolvent:** IMPROPER FILING:  *Res adjudi-cata.*  A judicial finding that a claim against an estate, assigned for the benefit of creditors, is valid precludes the assignees from resisting its payment on the ground that it was not properly filed.

*Appeal from Crawford District Court.*—HON. S. M. EL-WOOD, Judge.

WEDNESDAY, MAY 23, 1900.

ON the tenth day of August, 1893, John H. De Wolf and the Citizens' Bank of Vail made a general assignment for the benefit of their creditors to defendant. On the seventeenth day of that month the assignee first published notice as required by law. November 5th following, plaintiff began an action against the assignee by intervening, as it is styled, in the assignment proceedings, claiming the sum of six thousand three hundred and fourteen dollars, and asking that it be established as a preferred claim. In due time a trial was had in this proceeding, and the district court allowed the amount claimed, with interest, and gave it a preference over the claims of general creditors. From this judgment there was an appeal by the assignee to this court, where the judgment was modified so far as to allow a preference only to two thousand four hundred and eighty dollars of the amount found due. See 104 Iowa, 713. Thereafter the assignee paid to plaintiff the sum of two thousand four hundred and eighty dollars, with interest, being the amount which was given a preference by this court, and reported against the payment or allowance of anything further, because the claim was not

filed within the time fixed by law. To this report plaintiff filed exceptions. These exceptions were overruled, and judgment entered disallowing the balance of the claim. From this judgment the present appeal is taken.—*Reversed.*

*Swan, Lawrence & Swan* and *Shaw & Kuehnle* for appellant.

*P. E. C. Lally* and *J. P. Conner* for appellee.

WATERMAN, J.—No argument is made on behalf of the assignee. We have no means of knowing the grounds upon which he resists payment of the balance due plaintiff further than as they appear in his report. The only reason there set out is that the claim was not filed with him as required by law.

Whether the commencement of a proceeding such as this would in general amount to the filing of a claim we need not say. Our holding here may well be rested upon other and unquestionable grounds. The judgment of the district court in the original proceeding established two things: (1) That the whole amount sought to be recovered was a valid claim against the assignee; (2) that it was all entitled to a preference. On appeal this court affirmed that judgment, except that it reduced the amount which was ordered preferred. Whether filed in time or not, we have here a judicial finding that the claim is valid against the estate, and that holding is the law of this case. *Robertson v. Stoddard Co.,* 106 Iowa, 414; *Rice v. Grand Lodge,* 103 Iowa, 643. For the reasons given, the judgment must be REVERSED.