# FLORENCE S. BARRETT *v.* LOHMULLER BUILDING COMPANY.

*Application of Fund on Debt—Consent of Owner—Evidence
—Res Judicata—Former Appeal.*

In an action by the owner of a house, against a company which had contracted to make alterations thereon and to finance their cost, to recover money, the proceeds of a mortgage executed by such owner, which had been applied by defendant as a payment on its contract, *held* that, the issues being whether plaintiff had authorized such application, or had ratified it, letters written by plaintiff, after such application, to defendant's president, showing plaintiff's attitude of mind in reference thereto, were admissible.                                pp. 136, 137

Evidence was also admissible as to conversations between plaintiff and defendant in regard to the execution of the mortgage, as bearing on plaintiff's knowledge of how the proceeds were to be applied.                              p. 137

A decision on appeal that a prayer was properly rejected because of insufficiency of evidence is not ground for excluding evidence on a second trial in support of the proposition involved in such prayer, nor does it preclude a finding in favor of such proposition.                              pp. 138, 139

On an issue as to whether it was by plaintiff's authority that defendant applied a certain fund in its hands to the payment of an alleged debt from plaintiff to defendant for work done, a decision by the Court of Appeals in a previous suit that such application did not show plaintiff's acceptance of the work had no such bearing on the issue as to justify reading into the record of the later case the opinion of the court in the former case.                              p. 139

While the trial court may in its discretion permit reported cases to be read to the jury, such a practice as leading to confusion is seldom followed, and the bearing of previous decisions is rather to be reflected in the instructions and rulings on testimony.                              pp. 139, 140

*Decided June 11th, 1926.*

Appeal from the Court of Common Pleas of Baltimore City (STUMP, J.).

Action by Florence S. Barrett against the Lohmuller Building Company. From a judgment for defendant, plaintiff appeals. Affirmed.

The cause was argued before BOND, C. J., URNER, ADKINS, OFFUTT, DIGGES, and WALSH, JJ.

*William H. Surratt* and *Paul R. Hassencamp,* for the appellant.

*Guy B. Brown* and *Walter C. Mylander,* with whom was *Charles M. Armstrong* on the brief, for the appellee.

ADKINS, J., delivered the opinion of the Court.

The defendant in this case was the contracting corporation employed by plaintiff to make certain alterations in her house, including the instalment of a pipeless heater, under a written contract. A part of the contract was that defendant should arrange the financing of the work.

During its progress it became necessary to take up an existing mortgage on the property of a little over four hundred dollars, and it was agreed between the parties that defendant should arrange for a new mortgage to be executed by plaintiff, out of the proceeds of which the old mortgage should be paid. When this was cleared up there remained a balance from the proceeds of the new mortgage of $1084.07, which defendant applied on account of the work on the property.

Subsequently defendant sued plaintiff for the balance alleged to be due. From the judgment for the defendant in that case an appeal was taken and the judgment was affirmed. That case is reported in 146 Md. 617.

The suit was on the common counts. The prayers granted by the trial court were based on the theory that in order for the plaintiff to recover, the evidence must show a full per-

formance of the written contract. We held there was no legally sufficient evidence to establish a waiver or acceptance by the defendant; that the partial payment did not constitute such acceptance on the facts in the record. It appeared from the record that the balance of the proceeds of the new mortgage, after paying the cost of securing the loan and the prior mortgage, was applied on account of the contract price, without any direction from the defendant, who was the appellee in that case. We said: "There can be no doubt that this payment, under such circumstances, cannot be properly held to be such a payment as would indicate acceptance on the part of the appellee." We also said in the same connection, on the record in that case, that the money was so applied "without opportunity being afforded to the appellee or her counsel to indicate the use to which this balance was to be applied." We therefore held that the appellant's second and fourth prayers, which were predicated upon the theory of waiver or acceptance, were properly refused. The issue, therefore, decided in that case, and *the only issue,* was the right of the plaintiff to recover the balance of the contract price; on which issue the plaintiff lost.

A short time after the opinion was handed down in that case this suit was brought. It is on the common counts, and there was filed with the *narr.* an account for "amount received by the defendant for the use of the plaintiff and applied by the defendant on account of an outstanding contract between the plaintiff and the defendant for the remodelling of the property 2827 Rayner Avenue in Baltimore City, which contract the defendant never fully performed. $1,084.07; interest from December 8, 1922.

The case went to trial on issue joined on the general issue pleas, and the verdict and judgment was in favor of the defendant. From that judgment this appeal was taken.

There are six bills of exception, the first four involving rulings on evidence, the fifth, the ruling on the prayers, and the sixth a tender made in the following words, after

the instruction of the court to the jury, the objection to which tender was sustained: "Counsel for the plaintiff, Florence S. Barrett, claims before the court the right to discuss, as established facts, all facts appearing in the opinion of the Court of Appeals in the previous appeal in 146 Maryland, page 617, in addition to the testimony taken in the pending case, upon the theory that the facts established in the opinion of the Court of Appeals are a part of the case at bar, being a subsequent case between the same parties on the same issues as those involved in the previous appeal."

Preliminary to the taking of testimony the court, out of the presence of the jury, heard argument of counsel as to the questions to which the evidence should be confined, in view of the decision of the Court of Appeals in the previous case, and expressed his view that what this Court said about the $1084.07 payment was with reference to the bearing it had upon the question of acceptance by the defendant of the work that the plaintiff in that suit had done, and that the question of whether the $1084.07 was ever paid by the defendant on account of the work seemed to him not to have been adjudicated; and therefore the evidence in the case should be confined to the question whether, under the circumstances, the owner authorized the $1084.07 to be credited on the contract price or subsequently ratified such application. And the court expressed the further view that if, from the evidence, the jury can find she did so authorize or ratify, then the defendant should win; but if not then the plaintiff was entitled to recover the $1084.07.

The first three exceptions were to the admission of certain letters from plaintiff and her attorney to the president of defendant company. They were written after the application of the money complained of in the suit, and tended to show the attitude of mind of the plaintiff in reference thereto. The ground of objection indicated by counsel for plaintiff in answer to the court's inquiry was, "We object to it, sir, because it is one of the things that your Honor

has held was disposed of by the Court of Appeals, and I am objecting to it under your Honor's ruling." We find no inconsistency in the rulings nor any error in admitting the letters.

The fourth exception was to the overruling of an objection to the following question asked of Mr. Lohmuller by his counsel:

"Will you tell us what discussions were had by you with either Mrs. Barrett or her attorney prior to that meeting of December 8th, with relation to the execution of the mortgage of that date?"

This question was unobjectionable. It was an appropriate question to elicit information from the witness as to the knowledge of plaintiff of how the proceeds of the mortgage were to be applied.

Defendant's granted prayer instructing the jury that if they should find from the evidence that the payment to the defendant was authorized or directed by the plaintiff, before the making of the same, or ratified or approved by the plaintiff, after the making thereof, then, in either such event, the plaintiff could not recover in this action, and the verdict must be for the defendant.

It was the converse of plaintiff's granted prayer.

Plaintiff's second prayer practically asked for a directed verdict in favor of plaintiff. It was properly refused. It asked that the jury be instructed to find for plaintiff if defendant received the $1084.07 belonging to plaintiff from the mortgagee and has failed and refused to turn over any or all of it to plaintiff.

The fallacy of plaintiff's theory is shown by that prayer. It apparently is that under the decision of this Court in the former case every question involved in the present case is *res adjudicata,* and that under that decision the defendant here was bound to return to plaintiff the money sued for. That was not the effect of our decision. What was said was in connection with our ruling that there was no evidence

to support a rejected prayer and therefore no error in refusing it.

As the judgment was affirmed, plaintiff was precluded from bringing another suit and the case was *res adjudicata* as to his rights as plaintiff.

But suppose we had found reversible error in some other ruling of the trial court and a *procedendo* had been ordered, and in the new trial additional evidence had been offered affecting the question of acceptance or waiver, could such evidence have been excluded on the ground that the question of waiver or acceptance was *res adjudicata* by reason of the ruling of the court or what was said by us in the opinion based on the evidence in the former record? Certainly not.

In several of the cases cited by appellant the court in holding the question *res adjudicata* by reason of the former appeal commented on the fact that the evidence in the second record was substantially the same as in the first, thus intimating that the ruling would have been otherwise if a different state of facts were shown on the second trial. *Clerklee v. Mundell's Lessee,* 4 H. & J., at 402; *Maryland Coal Co. v. Baker,* 85 Md. 688. In *Smith v. Shaffer,* 50 Md. 132, the Court held that there could not be a second appeal in order to present testimony which was omitted from the first record, because such testimony had been taken and might have been brought up on the first appeal.

In none of the cases cited by appellant do we find anything to support the proposition that additional evidence could not be taken in a second trial to support a rejected prayer.

In *Frisby v. Parkhurst,* 29 Md. 58, it was held that additional evidence could be taken, and would be considered on a second appeal, to support a proposition which had failed because of insufficient evidence to support it.

In *Cooper v. Utterback,* 37 Md. 282, it was sought to have held conclusive the finding of a jury and the judgment thereon in a civil case in favor of one of the parties on the question of fraud, when the same question arose in a subsequent case between the same parties in a malicious prosecution

case. The effort failed, the court citing from 1 *Greenleaf on Evidence,* sec. 528: "The principle upon which judgments are held conclusive upon the parties requires that the rule should apply only to that which was directly in issue, and not to everything which was incidentally brought into controversy during the trial."

In 4 *C. J.,* p. 1106, sec. 3088, it is said: "As a general rule the doctrine of the 'law of the case' applies to all questions of law identical with those on the prior appeal, and on the same facts, and to such questions only. The doctrine is rarely, and in a very limited class of cases, applied to matters of evidence as distinguished from rulings of law, and a decision on appeal on a question of fact does not generally become the law of the case, nor estop the parties on a second trial from showing the true state of the facts."

The plaintiff has no reasonable cause to complain of the instruction given by the court at his own instance. It carefully limited the jury in considering the letters offered, which were the subject of the first three exceptions, to their bearing if any on the question "whether the plaintiff empowered the application of the $1,084.07 by the defendant on account of payment under the contract," "in case the jury have first found from the evidence that the plaintiff did not first at the time the $1,500 mortgage was made, consent, by herself or her attorney, to the said application of the $1,084.07 by the defendant to the contract payment."

It follows from what we have said that we find no error in the ruling involved in the sixth bill of exception.

The decision in 146 Md. had no such bearing on the issue in the present case as to justify reading into the record of the present case the opinion of this Court in the former case. Besides that would not have been the way to get the result of that decision to the jury, even if it had had the bearing on the case being tried that appellant conceived it did.

It has been held that the trial court may in its discretion permit reported cases to be read to the jury; but it is a dis-

cretion which courts seldom exercise, for the reason that such a practice in civil trials would lead to confusion rather than enlightenment. The bearing of previous decisions should be reflected in the instructions to the jury and in rulings on testimony.

Appellant's interpretation of the decision in 146 Md. was embodied in her second prayer, which we have said was properly refused, and in her objections to testimony, on which we have passed.

*Judgment affirmed, with costs to appellee.*