CHIEP JUSTICE ROBERTSON
delivered the opinion oe the court.
The appellant urges the reversal of a judgment rendered against him by default on the following note:
“ $600. Due to Major F. Posey six hundred dollars, borrowed money, with interest from date — this 3d day of April, 1858. D. R. Burbank,

PresH of the Henderson Coal Co.

Attest: ~W. Rankin.”
The petition charges him as personally liable on the note: and his failure to traverse the charge admits its truth. It is now too late therefore to argue that the coal company and not the appellant is the obligor, according to the legal import of the note as executed and exhibited. Had he signed as an officer of the government, there might have been some consistent ground for construing his act as that of mere agent. But a private corporation is not like the government, an excep *374 tion from the general rule that when, as in this case, there is nothing on the face of the note indicating a different intention, the adjunct to the subscribed name is mere “descriptio persona” only to identify the obligor, but not to affect his obligation as personal, unless there is something more qualifying in the signature. The note in this case exhibits no such apparent index, but altogether, except the form of the signature, imports a personal undertaking. If the appellant did not intend to bind himself, why did he not say “due” as president; or “due ” by the company; or “due ” for money borrowed by the company ? A scrutiny of all the adjudged cases on this subject may reconcile dieta and decisions at first blush apparently arbitrary or conflicting. The body of the note is the best test; and of this the case of Carson v. Lucas, 13 B. Mon. 213, may afford an opposite example. The following note was adjudged tó be the obligation of the boat and not that of the captain:
“ Due W. S. D. McGowan $96.60, balance due for wages as clerk of steamer Kentucky, No. 2. F. P. Carson, Captain,”
Here the recited consideration alone indicated that the acknowledged debt was due and payable by the boat and not by the captain, who signed therefore presumptively as mere agent. Such is the chief test that draws the decisive line between that case and this, and in most well-considered cases a similar test distinguishes one class from the other.
Without further analysis or citation we are satisfied that the judgment in this case is right on the face of the note as well as on the entire record.
Wherefore the judgment is affirmed.