No. 7240.

## SCHOOL TOWN OF MONTICELLO *v.* KENDALL, ADM'R'X.

SCHOOL TRUSTEES.—*Power to Execute Promissory Note.*—*Town.*—*Corporation.*—The board of school trustees of an incorporated town have power to execute a valid negotiable promissory note, by and in the name of such trustees, binding upon the school corporation for any debt contracted for the benefit of its property.

SAME.—*Contract.*—*Principal and Agent.*—*Public Agents.*—Contracts made by public agents stand upon a different footing from those made by agents of persons or of private corporations.

SAME.—*School Corporation.*—A school town or township is a purely public corporation and the trustees thereof public agents.

SAME.—*Promissory Note.*—*Signature.*—*Descriptio Personæ.*—A promissory note, executed upon a consideration moving only to the use and benefit of the school corporation of an incorporated town, and signed by the school trustees thereof with their individual names, followed by their official designation, is not the note of the persons whose names are signed thereto, but the note of such corporation, and binding thereon.

| 72 | 91 |
| 136 | 126 |
| 72 | 91 |
| 138 | 199 |
| 72 | 91 |
| 153 | 284 |

From the White Circuit Court.

*D. Turpie, H. D. Pierce* and *M. M. Sill*, for appellant.
*A. W. Reynolds* and *E. W. Sellers*, for appellee.

WOODS, J.—The action was by the appellee against the appellant upon two promissory notes, of which the following are copies:

" $100.80.          MONTICELLO, Nov. 18th, 1870.

" On or before the first day of Nov., 1871, the subscriber, residing in Monticello, White county, State of Indiana, promise to pay O. P. Baker, or bearer, one hundred and $\frac{80}{100}$ dollars, negotiable and payable at bank, for value received, without any relief whatever from valuation or appraisement laws until paid.    It is understood by the drawers and indorsers of this note, that they respectively waive presentment and protest, and notice of non-payment.    If this note be collected by suit, the judgment shall include the reasonable fee for plaintiff's attorney.

" H. P. ANDERSON,
" W. S. HAYMOND,
" C. W. KENDALL,
" Trustees of Monticello School."

" $74.25.          MONTICELLO, IND., July 20th, 1871.

" One year after date we promise to pay to the order of William E. Sanderson, negotiable and payable at Monticello, Indiana, seventy-four and $\frac{25}{100}$ dollars, with interest at the rate of ten per cent per annum after maturity, and with attorney fees, if suit be instituted on this note.    Value received, without any relief whatever from valuation or appraisement laws.    The drawers and endorsers severally waive presentment for payment, and notice of protest, and non-payment of this note.

" H. P. ANDERSON,
" C. W. KENDALL,
"School Trustees."

It is averred in the complaint that these notes were exe-- cuted by the appellant, one for lightning rods and the other for a policy of insurance against fire, placed and written upon a school-house of appellant, and the notes were assigned by indorsement to plaintiff's intestate.

Upon an assignment of error, that the court erred in over- ruling the demurrer to the complaint, it is contended that the appellant had no power to execute these notes.

This question must be regarded as already settled by this court in the case of *Sheffield School Township* v. *Andress,* 56 Ind. 157, and cases cited.

It is further insisted that these notes do not purport to bind the corporation, and must be regarded as the notes of the individuals whose names are signed, and the words "School Trustees" and "Trustees of Monticello School" must be treated as mere *descriptio personæ.* If the ap- pellant were a private corporation, there would be great force in the suggestion. *Hays* v. *Crutcher,* 54 Ind. 260. But the rule laid down, and so well illustrated in the case cited, is not without exceptions. Contracts made by public agents stand upon a different footing from those made by agents of persons or of private corporations.

We quote from Story on Agency, sections 302, 303 and 304:

" But a very different rule, in general, prevails in regard to public agents ; for, in the ordinary course of things, an agent, contracting in behalf of the government, or of the public, is not personally bound by such a contract, even though he would be by the terms of the contract, if it were an agency of a private nature. The reason of the distinc- tion is, that it is not to be presumed, either that the public agent means to bind himself personally, in acting as a func- tionary of the government, or that the party dealing with him in his public character means to rely upon his individual responsibility. On the contrary, the natural presumption, in

such cases, is, that the contract was made upon the credit and responsibility of the government itself. * * * *

"This principle not only applies to simple contracts both parol and written, but also to instruments under seal which are executed by agents of the government in their own names, and purporting to be made by them on behalf of the government; for the like presumption prevails in such cases, that the parties contract, not personally, but merely officially, within the sphere of their appropriate duties. * * * * So, an indenture executed between A. B., describing himself as 'Secretary of War,' of the one part, and C. D. of the other part, for a demise of certain buildings for public purposes, and for a certain period, and containing a covenant, on the part of A. B., to pay the stipulated rent during that period, has been held not to bind A. B. personally; but to bind the government alone.

"The same principle applies to the case, where public officers, contracting for a public purpose, afterwards, upon a settlement of accounts with the other contracting party, strike a balance, and in writing promise to pay that balance on a specific day, signing their names, with their official designations annexed, as, for example, as commissioners; for such a written document is quite consistent with an intention not to incur any personal responsibility; but merely to apply the public funds, which might be in their hands at the time prescribed, towards the discharge of the public debt." See Story Agency, sec. 306, and Wharton's Agency & Agents, sections 512, 513. See, also, *Newman* v. *Sylvester*, 42 Ind. 106.

It is clear that a school town or township is a purely public corporation, and the trustees thereof public agents. These notes, therefore, which were confessedly executed upon considerations moving only to the use and benefit of the appellant, are binding on no one unless upon the appellant. We have no hesitation in holding them to be,

under the' facts averred and upon the proof made, the obligations of the appellant.

The judgment of the court below is affirmed with costs

Petition for a rehearing overruled.