CHARLES PERRY, Appellee, v. CITY OF CEDAR FALLS, Appellant.

Verdict: MUST FOLLOW INSTRUCTIONS. The instructions of the court are the law of the case for the jury, and a verdict which is contrary to the instructions as applied to the evidence can not stand.

*Appeal from Black Hawk District Court.*—HON. JOHN J. NEY, Judge.

THURSDAY, JANUARY 26, 1893.

ACTION to recover damages because of a personal injury, received by the plaintiff by driving a team and wagonette off an embankment in a street or road in the city of Cedar Falls. There was a trial by jury, and a verdict and judgment for the plaintiff. The defendant appeals.—*Reversed.*

*Hemenway & Grundy*, for appellant.

No appearance for appellee.

ROTHROCK, J.—The plaintiff was an employee and driver for the proprietor of a livery stable at the city of Waterloo. On the evening of August 12, 1890, he was sent by his employer to the city of Cedar Falls, some miles distant, with a two-horse vehicle, in which there were several passengers. The service embraced a round trip between the two cities. The trip was made to Cedar Falls in safety. On the return, in the night, the team left the traveled road, and went over an embankment, by which the vehicle was overturned, and the plaintiff was injured. The question presented to the jury was whether, under the evidence, the defendant city was liable in damages for the injury. The

investigation involved, as it always does in such cases, an inquiry into, and decision of, the question of the defendant's negligence, and the plaintiff's freedom from contributory negligence.

It appears from the plaintiff's evidence, as a witness in the case, that he had worked in a livery stable, and handled and driven horses for twelve or fourteen years, and had driven over the road from Cedar Falls to Waterloo some twenty times. The court instructed the jury upon the care required of the plaintiff in driving over the road, as follows: "The plaintiff, as you have been told in these instructions, was bound to exercise due diligence to avoid accident and injury. Now, what was diligence, under the circumstances? Due diligence is the diligence from one as a reasonable and prudent man under the circumstances. If the plaintiff knew the topography of the place, he was not justified in driving where it was so dark that he could not see where he was going. He was bound to know where he was going, and unless he was absolved from the duty of knowing where he was going, by some peculiar condition of the night, or other circumstance, you should find against him. It was his duty to know where his horses were going, to know that he was on the road; and if he was negligent in the manner of driving his horses, under the circumstances, he can not recover, and you should find for the defendant."

This instruction was the law of the case, which the jury was required to follow. There was no peculiar condition of the night. It is true it was dark, but the instruction is that plaintiff "was not justified in driving where it was so dark that he could not see where he was going." And there was no "peculiar circumstance" attending the journey along the road. The team was perfectly gentle and tractable. Under this instruction, and considering the evidence in the case, it was the duty of the jury to promptly return a verdict

for the defendant. The plaintiff has not followed the case into this court, and endeavored to sustain the judgment by argument or brief, and we assume that he has no answer to the argument of counsel for the appellant. · REVERSED.