## ALBANY FURNITURE COMPANY ET AL. *v.* THE MERCHANTS NATIONAL BANK.

[No. 1,968.   Filed May 19, 1897.]

APPEAL AND ERROR.— *Judgment by Default.— Sufficiency of Complaint.*—Where the sufficiency of a complaint is questioned for the first time by an assignment of error in the Appellate Court, it can not be available for the reversal of a judgment upon default, unless some fact essential to the existence of the cause of action has been wholly omitted from the complaint.   *p. 533.*

SAME.—*Judgment by Default.—Presumption on Appeal.*—Where judgment was taken by default it will not be assumed on appeal that anything was proved beyond what was alleged in the complaint.   *p. 533.*

PLEADING.—*Failure of Defendant to Demur or Answer.*—Where the defendant fails to demur or answer to a complaint, and judgment is taken by default, such failure is a confession that the complaint is true as to the facts stated.   *p. 533.*

BILLS AND NOTES.—*Makers of Promissory Note.—Complaint.*—In an action on a promissory note signed in the following order: "Jas. E. Stafford, Pres., J. Zapf, Mgr., Albany Furniture Co.," a complaint alleging that the instrument sued on is the joint note of the parties, and the note filed as an exhibit recites that "we" promise to pay, etc., states a cause of action against Stafford and Zapf, as individuals.   *p. 536.*

SAME.—*Promissory Note.—Judgment Against Agent of Endorser, When Erroneous.*—Where a note sued on is endorsed "S, by G," and the cause is dismissed as to S, and judgment is taken by default against the makers and "G," the judgment so taken against "G" is erroneous.   *p. 537.*

From the Delaware Circuit Court. *Affirmed in part, reversed in part.*

*J. W. Ryan* and *W. A. Thompson,* for appellants.

*J. F. Meredith* and *E. E. Meredith,* for appellee.

ROBINSON, J.—Appellee sued appellants upon the following instrument:

"Chicago, Ill., Aug. 15, 1894.

One hundred and eighty days after date, for value received, we promise to pay, at the office of Frank T. Gilpin, Muncie, Indiana, to the order of E. A. Shanklin & Co., the sum of one hundred and fifty dollars, with interest at the rate of —— per cent. per annum, payable annually, and attorneys' fees. The makers and endorsers of this note hereby severally waive presentment for payment, protest and nonpayment, and also waive relief from all valuation and appraisement laws.                       JAS. E. STAFFORD, Pres.

J. ZAPF, Mgr.

[Signed]          ALBANY FURNITURE Co."

The note was endorsed "E. A. Shanklin & Co., per Frank T. Gilpin."

The complaint alleges: "The plaintiff complains of the defendants and alleges that on the 15th day of August, 1894, the defendants, The Albany Furniture Company, James E. Stafford and Jacob Zapf, by their joint promissory note, a copy of which is filed herewith, marked 'Exhibit A,' and made a part of this complaint, promised to pay to the order of," etc.

The summons issued directed the sheriff to summon "The Albany Furniture Company, James E. Stafford, Jacob Zapf, E. A. Shanklin & Co., and Frank T. Gilpin." The summons was served on Stafford and Gilpin by reading, on the furniture company "by reading the same to and in the hearing of James E. Stafford, president of said company, and by giving him a true copy of this writ," and on Jacob Zapf by leaving a copy at his place of residence. None of the defendants appeared, and judgment was rendered in appellee's favor on default.

Without objection to the proceedings in the trial

court, appellants question the sufficiency of the complaint.

The error assigned is, that the complaint does not state facts sufficient to constitute a cause of action; and it cannot be available for the reversal of a judgment upon default, unless some fact essential to the existence of the cause of action has been wholly omitted from the complaint. *Laverty* v. *State, ex rel.,* 109 Ind. 217; *Western Assurance Co.* v. *Koontz, ante,* 54.

The judgment having been taken by default, we can not assume that anything was proved beyond what is alleged in the complaint. So that the sufficiency of the complaint comes before us exactly as if there had been an unsuccessful demurrer in the court below. *Old* v. *Mohler,* 122 Ind. 594; *Albany Furniture Co.* v. *Merchants' Nat. Bank, ante* 93.

The failure of the appellants to demur or answer the complaint was a confession that the complaint was true as to the facts stated. *Fisk* v. *Baker* 47 Ind. 534.

It is alleged in the complaint that the note sued on is the joint promissory note of the furniture company, Stafford and Zapf, and we must assume that that fact was proven.

The case of *Albany Furniture Co.* v. *Merchants' Nat. Bank, supra,* cited by counsel for appellee, is not controlling in this case, for the reason that the complaint in that case was essentially different from the complaint in the case at bar.

In *Means* v. *Swormstedt,* 32 Ind. 87, the note read, "We promise to pay," etc., and was signed "Wm. B. Swormstedt, Sec'y." On the lower left-hand corner of the note was an impression of a seal, embossed upon the paper of the note, bearing the words, "Neal Manufacturing Co., Madison, Ind." In holding this to be

the note of the corporation only, the court said: "The
seal of the company is in the hands of the secretary;
it is his duty to affix it to papers executed by the cor-
poration. The presumption is, then, that he did, after
signing his name and adding his office, affix the seal of
the corporation, which, containing upon its face the
proper designation of the corporation, was a signing
of their name."

In the case of *Pearse* v. *Welborn*, 42 Ind. 331, "the
makers of the note only added to their names let-
ters which indicated the offices they held, and the
characters in which they acted, but in the body of the
note the promise is made by them as master, wardens,
and trustees of said lodge."

In *Armstrong, Admr.,* v. *Kirkpatrick*, 79 Ind. 527, the
note on its face says that it is the note of the Howard
County Agricultural Association, and that it executes
the note by the directors of the association. In that
case the note was held to be the note of the associa-
tion.

In the case of *Mears* v. *Graham*, 8 Blackf. 144, the
note was: "$333.15. Ten days after date, we, the
trustees of the Methodist E. Church in Rockport,
promise to pay to the order of I. and J. Mears three
hundred and thirty-three dollars and fifteen cents for
value received. Rockport, Ind., July 25, 1842. John
W. Graham, Wm. Drum, John E. Cotton, Alexander
Britton, Oliver Morgan, Trustees of the M. E. Church."
This was held to be the note of the individuals sign-
ing it, although the face of the note would seem to in-
dicate that the intention was to bind the church only.
See *Jackson School Tp.* v. *Farlow*, 75 Ind. 118; *Hobbs*
v. *Cowden*, 20 Ind. 310; *Inhabitants of Congressional
Tp. No. 11* v. *Weir*, 9 Ind. 224; *Prather* v. *Ross*, 17
Ind 495.

It has been held in a number of cases in this State,

that when a note is signed by one or more individual makers, and the signatures followed by the words "trustees of," etc., "president," or "secretary," such words are generally considered as descriptive of the person of the maker, and the note is the obligation of the person or persons so signing it. *McClellan* v. *Robe*, 93 Ind. 298; *Williams* v. *Second Nat. Bank*, 83 Ind. 237; *Hayes* v. *Brubaker*, 65 Ind. 27; *Hayes* v. *Matthews*, 63 Ind. 412; *Hayes* v. *Crutcher*, 54 Ind. 260.

In *Heffner* v. *Brownell*, 75 Ia. 341, 39 N. W. 640, suit was brought on a note in substance as follows: "We promise to pay Daniel Heffner, or bearer, two hundred dollars.   *   *   *   *

INDEPENDENCE MFG. CO.

B. S. BROWNELL, Pres.

D. B. SANFORD, Sec'y."

The court held this to be the joint note of the corporation and of the other persons signing it, and that there was no ambiguity appearing upon the face of the note, and that extrinsic evidence was not admissible to show the intention of the parties. See *Matthews & Co.* v. *Dubuque, etc., Co.*, 87 Ia. 246, 54 N. W. 225; *Lee* v. *Percival*, 85 Ia. 639, 52 N. W. 543; *Brunswick, etc., Co.*, v. *Boutell*, 45 Minn. 21, 47 N. W. 261.

In the case of *Swarts* v. *Cohen*, 11 Ind. App. 20, the note read: "*   *   *   we promise to pay to the order of   *   *   *

NATIONAL FORGE & IRON CO.

MARK SWARTS, President."

"We are of the opinion," said the court, "that the note in suit is ambiguous. It was upon that theory that the case proceeded, was tried and determined in the court below. The appellee declared in his complaint, that the appellant executed the note. If John

Doe should execute his promissory note in the name and style of Richard Roe, he would be liable thereon, and extrinsic evidence would be admissible to show the manner of the execution under proper averments in the pleadings.  *  *  *  It is readily conceivable that the note in suit might have been executed by both the corporation and by Swarts, and be their joint obligation.  In such a case, affixing the word 'president' to his name does not make it the note of the corporation only, but, under proper averments, it may be shown to be the obligation of the individual as well, and this may be made to appear by extrinsic evidence."

Although the fact is not disclosed by the pleading, it is admitted in the briefs of counsel for appellants and appellee that the Albany Furniture Company is a corporation. It is true the name of the corporation was signed to the note by some officer or agent of the corporation.  But the corporate name could not have been signed by both Stafford and Zapf.  It might have been signed by neither and still be binding on the corporation.  The presumption that would arise where the corporate name is followed by an officer's name that he signed the corporate name, does not arise where the corporate name is followed by the names of two persons.  In the very nature of things the name was signed by one person, and we cannot presume that it was one to the exclusion of the other, nor can we, from the face of the instrument, presume that the name was signed by either.

The appellants, Stafford and Zapf, were notified to appear and answer as individuals, and not as officers of the corporation. The cause of action stated was against them as individuals.

Construing the complaint and the exhibit together, we see no ambiguity.  It is alleged to be the joint note

of the parties signing it, and the exhibit is not inconsistent with that allegation. Had there been an appearance and answer, the question of the admissibility of parol evidence might have been presented, but as the record comes to us, it is not necessary to decide anything upon that question.

As the cause was dismissed as to the defendants, E. A. Shanklin & Co., it necessarily follows that the judgment against F. T. Gilpin was erroneous.

Judgment reversed as to the appellant, Gilpin, and affirmed as to the appellants, Stafford and Zapf.