TAYLOR ET AL. *v.* REGER.

[No. 2,270.   Filed November 17, 1897.]

BILLS AND NOTES.—*Signatures.*—*Complaint,*—A general allegation in a complaint on a promissory note "that they [meaning all the signers of the note], by their promissory note, * * promise to pay," etc., is not inconsistent with the exhibit filed therewith, signed by a corporation and the president, vice-president, secretary, and directors, and no proof other than the note itself would be necessary to fix the identity of the parties.   *p. 469.*

SAME.—*Signatures.*—*Joint Obligation.*—A note signed by two or more persons, containing the promising phrase "we promise," is, *prima facie,* the joint obligation of the makers in their individual capacity.   *p. 469.*

SAME.—*Signature.*—*Corporation.*—Where the name of a corporation is signed to a note by the president, such signature will bind the corporation, and the word "directors," written opposite other names signed thereto, will be held to be merely a description of the person.   *p. 470.*

EVIDENCE.—*Record.*—The longhand manuscript of the evidence must be filed in the clerk's office before being incorporated in the bill of exceptions.   *p. 471.*

From the Madison Circuit Court.   *Affirmed.*

*Charles L. Henry, E. B. McMahon* and *J. A. Van Osdol,* for appellants.

*Francis A. Walker* and *Frank P. Foster,* for appellee.

WILEY, C. J.—Appellee sued the Pendleton Window Glass Company, Charles B. Orvis, Charles H. Roach, and the appellants, upon a promissory note, of which the following is a copy:

"Pendleton, Indiana, August 31, 1888.   On or before September, 1891, we promise to pay to the order of Lorenzo D. Reger, the sum of four hundred dollars, with six per cent. interest from date, payable annually and with attorney's fees, value received, without any relief from valuation or appraisement laws.   [Signed] The

Pendleton Glass Company, by B. F. Aiman, president; C. B. Orvis, vice president; Charles H. Roach, secretary; A. B. Taylor, Benj. Rogers, J. R. Boston, directors."

The issues were joined as to all the defendants below, except Orvis, who was not served with process, and did not appear.

Roach, Taylor, Rogers, and Boston demurred separately to the complaint for want of sufficient facts, which demurrers were overruled. Thereupon they filed a joint answer in two paragraphs: (1) General denial; and (2) setting up affirmative matter, averring that they signed the note sued on as officers of their co-defendant, the Pendleton Window Glass Company, and not as individuals, and it was so mutually agreed and understood by and between them and the payee thereof, and that he accepted said note on the faith and credit alone of said company. A demurrer to this paragraph of answer was overruled, and a reply in general denial. The appellants and Roach filed a cross-complaint against appellee and their co-defendant, the glass company, but the record, as it comes to us, does not present any question arising thereunder, and we need not notice it further.

The cause was submitted to the court for trial, and the court, on its own motion, called a jury, and submitted to it, by way of interrogatories, certain questions of fact. Upon the answers to the interrogatories, as returned by the jury, and the evidence heard, the court made a general finding against the appellants and all their co-defendants, except Orvis (the glass company suffering a default), and rendered judgment against them for $507.50. Appellants interposed their motion for a new trial, which was overruled, and such ruling is one of the errors assigned in this court; but as the evidence is not in the record,

and as the motion for a new trial calls in question the insufficiency of the evidence to support the finding and judgment, and the alleged error of the court in admitting certain evidence over their objections, we cannot consider the motion, and the assignment of error based upon the ruling thereof.

The interrogatories submitted to the jury by the court to aid it in its determination of the facts, and the answers thereto were as follows:

"(1) Did Albert B. Taylor, Benjamin Rogers, and John R. Boston sign the notes in suit as officers of the Pendleton Window Glass Co.? No. (2) In accepting the note in suit for real estate conveyed to the Pendleton Window Glass Co. did plaintiff, Reger, agree to take the note of said corporation, only for said real estate? No. (3) Did Taylor, Rogers, and Boston, defendants herein, sign the note in suit only that said note might be the valid note of the Pendleton Window Glass Company? No. (4) Did the defendants Taylor, Rogers, and Boston sign the note in suit, as individuals, with the Pendleton Window Glass Co.? Yes. (5) Did the plaintiff, Reger, and defendants agree at the time or before the execution of the note that the same should be executed by the defendants and accepted by plaintiff as the note of the Pendleton Glass Company only? No. (6) Was there a mutual mistake in signing and accepting the note in suit, in this: That it was the agreement that Taylor, Rogers, and Boston were to write 'by' before their names on said note? No. (7) Was there an agreement between plaintiff, Reger and defendants Taylor, Rogers, and Boston, that they were not to be individually bound on said note? No."

Each of these interrogatories was signed by the foreman of the jury.

The only error assigned which presents any question for our consideration, is the overruling of the ap-

pellant's separate demurrers to the complaint. It is insisted that the note sued upon, and made a part of the complaint as an exhibit, purports, on its face, to be the note of the Pendleton Window Glass Company, and not the joint note of such company and appellants. They also insist that it is so ambiguous that it would require proof to fix the identity of the parties liable thereon. Counsel say that the general allegation in the complaint that they (meaning all the signers of the note) "by their promissóry note * * * promise to pay," etc., is not sufficient to make the complaint good, as against the appellants, because such general allegation is inconsistent with the note itself. We cannot agree with this insistence. In our judgment there is no ambiguity or inconsistency between the allegations of the complaint and the exhibit; and no proof, other than the note itself, would be necessary to fix the identity of the parties. The note, on its face, does not purport to be the separate promise or obligation of the Pendleton Window Glass Company, but the joint promise or obligation of such company and appellants to pay money. The language of the note is, "we promise to pay," etc. A note signed by two or more persons, wherein the promising phrase is "we promise," is *prima facie* the joint obligation of the makers in their individual capacity. 4 Am. and Eng. Ency. of Law (2d ed.), 110; *Barnett* v. *Juday*, 38 Ind. 86; *Humphreys* v. *Guillow*, 13 N. H. 385.

In Pennsylvania it has been held that where a note has been signed by two persons, the presumption is that it was given by them as individuals, and not as partners. *Ellinger's Appeal*, 114 Pa. St. 505, 7 Atl. 180. The case of the *Albany Furniture Co.* v. *Merchants' National Bank*, 17 Ind. App. 531, was in all essential features identical to the case at bar. That was an action upon a promissory note, where, in the body of the

note, the words, "we promise to pay" were used, and the note was signed as follows: "Albany Furniture Co. Jas. E. Stafford Pres., J. Zapf Mgr." It was held that the complaint stated a good cause of action against Stafford and Zapf.

Robinson, J., in speaking for the court, after reviewing the authorities, said: "Construing the complaint and the exhibit together, we see no ambiguity. It is alleged to be the joint note of the parties signing it, and the exhibit is not inconsistent with that allegation."

A corporation can only speak or act by and through its officers or agents. In the case at bar, when the corporate name of the Pendleton Window Glass Company had been subscribed to the note in suit, by " B. F. Aiman, President," such signature bound the corporation, and the signing of the names of the appellants, as directors, added no force or effect to it. Under the circumstances, we must regard the word "directors," opposite the names of appellants, as merely *descriptio personae*. *Albany Furniture Co.* v. *Merchants Nat'l Bank, supra; McClellan* v. *Robe*, 93 Ind. 298; *Williams* v. *Second National Bank*, 83 Ind. 237; *Hayes* v. *Brubaker*, 65 Ind. 27; *Hays* v. *Crutcher*, 54 Ind. 260; *Casto* v. *Evinger*, 17 Ind. App. 298.

In *Heffner* v. *Brownell*, 75 Iowa, 341, where a note read "we promise to pay," etc., and signed "Independent Mfg. Co., B. S. Brownell, Pres.; D. B. Sanford, Secy.," it was held to be the joint note of the corporation and of Brownell and Sanford. See, also, *Mathews* v. *Dubuque Mattress Co.*, 87 Ia. 246, 54 N. W. 225; *Lee* v. *Percival*, 85 Ia. 639, 52 N. W. 543; *Brunswick-Balke-Collender Co.* v. *Boutell*, 45 Minn. 21, 47 N. W. 261.

In our judgment the complaint stated a good cause of action, and the court correctly overruled the de-

Taylor *et al. v.* Reger.

murrer of appellants thereto. In addition to holding the complaint good, we have set out in this opinion the interrogatories submitted to the jury, and the answers thereto. These interrogatories went to the vital question raised by appellants in their second paragraph of answer, and the findings therein made were all adverse to their contention. It is evident that the court, in reaching its conclusion, adopted, as its own, the findings of the jury, upon the pivotal questions submitted to them; and from this we are led to the inevitable conclusion that a correct result was reached, and that substantial justice has been done.

We have already remarked that the evidence is not in the record, but it is proper for us to state our reasons for so holding. The record shows that the motion for a new trial was overruled and judgment rendered June 22, 1896, and ninety days given in which to file a bill of exceptions. It is further shown that the bill of exceptions was presented to and signed by the trial judge, August 22, 1896. The clerk certifies that the bill of exceptions and the longhand manuscript of the evidence were filed in his office August 29, being seven days after the longhand manuscript was incorporated in the bill of exceptions. It nowhere appearing in the record that the longhand manuscript of the evidence was filed in the clerk's office, before it was incorporated in the bill of exceptions, it follows that the evidence is not properly in the record. *Kelso* v. *Kelso*, 16 Ind. App. 615; *Board, etc.,* v. *Fertich, ante,* 1, *Baltimore, etc., R. R. Co.* v. *McCartney, post,* 704; *Yellow Hammer Gas and Oil Co.* v. *Carlin,* 148 Ind. 68.

Further citation of authorities is unnecessary.

Judgment affirmed.