## HOEGER *v.* CITIZENS STREET RAILROAD COMPANY.

[No. 5,508.   Filed December 8, 1905.]

1. APPEAL AND ERROR.—*Joint Exceptions.*—Where the trial court "sustains the defendant's demurrer to the first and second paragraphs of plaintiff's reply to defendant's second paragraph of answer, to which ruling the plaintiff excepts," such exception is joint, and, unless both paragraphs are bad, no available error is presented.   p. 666.

2. PLEADING.—*Reply.*—*Contracts.*—*Avoidance.*—*Infants.*—Where defendant took an alleged release of a cause of action from five persons, three of whom were infants, such alleged release being executed by two only of such persons, a reply showing such facts and also a tender to defendant of the money so paid, is bad, no rescission, ground of rescission or reason for restoring the *statu quo* being shown. Roby, J., dissenting.   p. 666.

3. CONTRACTS.—*Several.*—*Consideration.*—A contract by plaintiff and four others with defendant, for an undivided consideration, to release their claim for damages against defendant, is several, and bars an action by one of such parties for individual damages. Roby, J., dissenting.   p. 667.

4. SAME.—*One Party Relying Upon the Other.*—*Failure to Read.*—Ordinarily where a party executes a contract, relying upon declarations of the other party as to the contents thereof, he has no right, in the absence of a trust relationship, to a rescission for fraud. Roby, J., dissenting.   p. 667.

From Superior Court of Marion County (54,163); *John L. McMaster,* Judge.

Action by Lewis E. Hoeger against the Citizens Street Railroad Company. From a judgment for defendant, plaintiff appeals. (On motion to dismiss appeal, see 35 Ind. App. 289.) *Affirmed.*

*Frederick W. Cady,* for appellant.
*F. Winter, W. H. Latta* and *G. W. Payne,* for appellee.

COMSTOCK, J.—Action to recover damages for personal injuries alleged to have been the result of appellee's negligence. Appellee answered in two paragraphs. The first paragraph was withdrawn. The second sets up a contract of release alleged to have been entered into on the 4th day of January, 1897, between the appellant and appellee, in the words and figures following: "This memorandum witnesseth, that whereas L. E., Mary, Willie, Joseph and Frederick Hoeger, claim that the Citizens Street Railroad Company of Indianapolis, Indiana, is liable in damages by reason of injuries to person and property caused by a collision with a motor car on the Haughville line of street cars operated by said company on or about the 3d day of January, 1897, and said Citizens Street Railroad Company desires to put an end to all such claims: Now, therefore, this memorandum witnesseth, that said company does hereby undertake and agree to pay to said L. E., Mary, Willie, Joseph and Frederick Hoeger the sum of $40 in full settlement and discharge of all claims or pretense of claim or of liability on its part to said L. E., Mary, Willie, Joseph and Frederick Hoeger by reason of such injuries to person or property supposed or claimed to have been suffered by said L. E., Mary, Willie, Joseph and Frederick Hoeger, and said L. E., Mary, Willie, Joseph and Frederick Hoeger hereby undertake and agree to accept said sum of $40 in full payment and settlement of any and all claims which they have or might assert against said company by reason

thereof. And the payment of said sum shall operate as a complete bar to any and every right of action which said L. E., Mary, Willie, Joseph and Frederick Hoeger might have against said Citizens Street Railroad Company by reasons of the matter aforesaid. In witness whereof the parties have hereunto set their hands in duplicate this 4th day of January, 1897. Lewis E. Hoeger. Mary Hoeger. Witnesses. George Harvey. George W. Bruce." It also set forth a receipt as follows: "Indianapolis, Indiana, January 4, 1897. Received of the Citizens Street Railroad Company of Indianapolis, Indiana, the sum of $40, stipulated to be paid in the foregoing agreement. Lewis E. Hoeger. Mary Hoeger. Witnesses. George Harvey. George W. Bruce."

Appellants replied in two paragraphs, in substance as follows: Paragraph 1. The agreement in writing dated January 4, 1897, set out in defendant's said second paragraph of answer, was intended by the defendant as a contract between the defendant and said plaintiff Lewis E. Hoeger, with Mary Hoeger, Willie Hoeger, Joseph Hoeger and Frederick Hoeger as joint contractors. Lewis E., Mary, Willie, Joseph and Frederick Hoeger were each injured by said defendant at the same time and place, to wit, on the 3d day of January, 1897, and the defendant had knowledge of this, and, seeking a release from all liability to said Lewis E., Mary, Willie, Joseph and Frederick Hoeger on account of injuries inflicted upon them by its negligence on said date, defendant prepared an instrument of contract or release. It was signed by Lewis Hoeger and Mary Hoeger. Willie, Joseph and Frederick Hoeger were of the ages of six months, three years, and four years, respectively, and each of said infants were incapable of making a valid contract. Said defendant never paid any particular part of said sum of $40 to Lewis E. Hoeger or Mary Hoeger, or to either of the three infants, but paid

said $40 in a lump sum, intending some part for each, but not specifying what or how much, and before the commencement of this action said sum of $40 in gold was tendered to said defendant on the part of Lewis E., Mary, Willie, Joseph and Frederick Hoeger, which defendant refused to accept, and which plaintiff now brings into court and pays to the clerk of the court for the use of defendant.

Paragraph 2. .Plaintiff avers that at the same time and place, and because of said alleged acts and negligence complained of, said plaintiff's horse was injured, a wagon demolished, and certain clothing belonging to himself and wife was injured. On January 4, 1897, the next day after the accident, said defendant and said plaintiff, and Mary, his wife, reached an agreement that the defendant was to pay the plaintiff and his wife the sum of $40 in settlement for injury done by the defendant to said horse, wagon and clothing. Defendant reduced the agreement to writing, and represented to said plaintiff and his wife that it correctly set forth their oral agreement. Plaintiff and his wife, and their son Willie, were very sick on account of the injuries sustained on the night before, and the attention of plaintiff and his wife and a physician was needed to save the life of said Willie Hoeger. The agent of the defendant well knew these conditions, and knew that neither the plaintiff nor his wife read said agreement, nor did an agent of the defendant or any other person read it for them, but, upon being told that it was a receipt for $40 to them paid for injuries to the horse, wagon and clothing above referred to, the plaintiff and his wife signed it, believing said statement to be true. Plaintiff also alleges that said agent of defendant, knowing of the injury to his person, for which the defendant was probably liable, and knowing the distressed condition which his family was in, and knowing that said plaintiff could not give the matter his personal attention, came to plaintiff's house with the intent to de-

fraud said plaintiff, and, knowing that said plaintiff was relying on his (the agent's) representation as to the contents of the agreement, unlawfully took advantage of the condition of plaintiff's household, and induced plaintiff to sign this agreement. As soon as plaintiff had an opportunity to examine the paper and find out its true contents, and before the commencement of this action, he repudiated the alleged contract and tendered to the defendant the sum of $40 in gold received from its agent, which the defendant refused to accept, and plaintiff now brings the same into court, and pays it to the clerk of the court for the use of defendant.

Appellee demurred to appellant's first and second paragraphs of reply to appellee's second paragraph of answer to appellant's complaint, which demurrer was sustained, and from which ruling of the court the appellant appeals. The entry of this ruling and the exception is in the following language: "Come the parties and the court being duly advised in the premises now sustains the defendant's demurrer to the first and second paragraphs of plaintiff's reply to defendant's second paragraph of answer, to which ruling the plaintiff excepts." This exception was joint, and, unless the court erred as to both paragraphs, there is no available error.

The first paragraph is clearly bad, because it does not allege that either of the parties to the contract of settlement rescinded. Neither is any ground shown for rescission; and no reason is alleged for restoring the *statu quo.* The insistence of appellant that the alleged contract pleaded by appellee is joint, that it is voidable by the infant joint payees on account of infancy, that the subject-matter of the alleged contract and the consideration thereof are entire, and any rescission thereof must be *in toto* and complete, may be conceded, and yet it would be insufficient for the reasons above stated.

That a sum is paid in gross to several persons in satisfaction of their individual claims, does not necessarily make the contract under which it is paid joint. The payees may make their own division. Appellant entered into the contract for a valuable consideration. He, with the other parties, whose names are set out in the contract, had each a separate claim against the railroad company for damages. The $40 was paid in full of the claim of each of the injuried parties. Appellant's claim was covered by the sum paid and received by him and his wife. The rights of appellant only, who is *sui juris,* are involved in this action. Those of the minors and the mother do not arise.

The theory of the second paragraph is that an oral agreement was incorrectly reduced to writing and signed without reading. Ordinarily one contracting party has no right to rely upon the statement of the other as to the character or contents of a written instrument (this, indeed, is only another form of stating the general rule) ; but, while this is true, it is also true that if a known trust and confidence is reposed in the person making the representations, and there is a relationship justifying such trust and confidence, then the person to whom the representations are made may rely upon them. *Robinson* v. *Glass* (1884), 94 Ind. 211; *Shaeffer* v. *Sleade* (1844), 7 Blackf. 178; *Wood* v. *Wack* (1903), 31 Ind. App. 252, and cases cited.

In Pomeroy, Eq. Jurisp. (2d ed.), §892, the rule is thus stated: "As a generalization from the authorities, the various conditions of fact and circumstance with respect to the question how far a party is justified in relying upon the representation made to him may be reduced to the four following cases, in the first three of which the party is not, while in the fourth he is, justified in relying upon the statements which are offered as inducements for him to enter upon certain conduct: (1) When, before entering into the

contract or other transaction, he actually resorts to the proper means of ascertaining the truth and verifying the statement. (2) When, having the opportunity to make such examination he is charged with the knowledge which he necessarily would have obtained if he had prosecuted it with diligence. (3) When the representation is concerning generalities equally within the knowledge or the means of acquiring knowledge possessed by both parties. (4) But when the representation is concerning facts of which the party making it has, or is supposed to have, knowledge, and the other party has no such advantage, and the circumstances are not those described in the first or second case, then it will be presumed that he relied upon the statement; he is justified in doing so."

Said second paragraph does not allege any mental incapacity or other disability of the plaintiff. It is not claimed that the contents of the agreement were incorrectly read. No excuse is alleged for not having read it. It is not alleged that he could not have known or understood its contents, or that he was prevented from doing so.

Neither paragraph of the reply was sufficient. The cases referred to by appellant are not in conflict with the principles here announced, nor with the authorities cited.

Judgment affirmed.

Black, P. J., Robinson, Myers and Wiley, JJ., concur. Roby, C. J., dissents.

## DISSENTING OPINION.

ROBY, C. J.—Appellant sues to recover damages on account of personal injuries alleged to have been caused by the negligence of appellee. The second paragraph of appellee's answer was as follows:

"The defendant, Citizens Street Railroad Company, for further answer to the complaint of the plaintiff says that heretofore on the 4th day of January, before the filing of this suit, this defendant and the plaintiff entered into an agreement in writing in the words and figures following:

[The writing is correctly set out in the main opinion.] And the defendant says that by reason of the premises the plaintiff then and there released the defendant from any and all liability on account of the matters and things alleged in his complaint, and that said plaintiff has and retains the sum of money mentioned in said contract, and said contract is now, and was at the time of filing this suit, and has been continuously since its execution, in full force and effect. Wherefore," etc.

To this answer a reply in two paragraphs was filed, and demurrers thereto sustained, which action of the court is assigned as error, and presents the only question for decision. The rule that a bad reply is good enough for a bad answer renders further reference to the replies unnecessary. *Board, etc.,* v. *Stock* (1894), 11 Ind. App. 167, 171.

The cause of action stated in the complaint is personal to the appellant. The right asserted is a several one, in which no other individual has or can have any share. Whether the liability of the promisors is joint or several depends upon the intention of the parties as ascertained from the contract by the ordinary rules of construction. *Prima facie* the liability of two or more persons on the same contract is a joint liability. Words which indicate the common assumption of an obligation strengthen this inference. *Eller* v. *Lacy* (1894), 137 Ind. 436; *Barnett* v. *Juday* (1871), 38 Ind. 86; *Taylor* v. *Reger* (1897), 18 Ind. App. 466, 63 Am. St. 352; 2 Page, Contracts, §1132.

The release set up in appellee's answer is in terms the joint release of the five parties named, and discharges any joint right of action which they may have or claim against appellee on account of injuries supposed or claimed to have been suffered by them. The instrument does not purport to discharge the liability asserted in the complaint. The $40 paid, was paid *in solido,* a fact which, if there were any uncertainty—which there is not—as to the release being joint or several, would require it to be construed as a

joint release. 1 Parsons, Contracts (9th ed.), 19. The instrument must be interpreted so as to arrive at and carry out the intention of the contracting parties. Such intention is deduced from the language used. It is given, when possible, its literal meaning, but the attached words, which clearly appear by the consideration of the contract as a whole not to accord with the intention of the parties, may be disregarded. *Landwerlen* v. *Wheeler* (1886), 106 Ind. 523. In the case cited, subscriptions for building a church were held, by reference to the face of the paper, to be several, as they were clearly intended to be.

There is nothing contained in appellee's answer, nor upon the face of the instrument therein set out, which tends in anywise to show that the parties meant anything except what was said in plain words, not only once, but six times, and there is no ambiguity to be explained. It is stated that the five persons named claimed that the railway company is liable in damages by reason of injuries in person and property caused by a collision on or about the 3d day of January, 1897. It is this joint claim which is released and none other. Joint owners of property may sue for damages, and a number of persons may unite in a claim not susceptible of establishment in court, and there is nothing to prevent the party against whom it is made from disposing of it by settlement rather than by legal defense.

Appellant sues on account of injuries received on January 3, 1897. The release refers to joint injuries received on or about that date. This in nowise modifies the terms of the contract. Various claims may be made because of a single occurrence, and injury to joint property might be done at the same time that individual injury was inflicted, while the number of collisions which might have occurred on or about January 3 is unfortunately unlimited.

The injuries, which appellant alleges, were considerable ones. If the entire sum of $40 were appropriated to him,

as it was not, it would, on the face of the pleadings, appear to be inadequate to compensate him. This court has said upon similar facts: "We can not look to the question of the inadequacy of the consideration. After the injury was incurred the appellant was at full liberty to compromise the damages with the appellee for any valuable consideration, however small, and, if he chose to accept a less amount than that to which he might have been entitled in an action therefor in the proper court, such settlement is nevertheless a full accord and satisfaction, from which the courts can not relieve him." *Lease* v. *Pennsylvania Co.* (1894), 10 Ind. App. 47, 51.

An injured person who signs a release is held by the letter of his contract. If he makes a bad bargain it is his own concern. The other party to such instrument must also abide by it as it is written. If he pays more than the release is worth, that is his own concern. Those who invoke the letter of an agreement as against the adverse party to it must take it throughout as written; and, as the contract pleaded is written, it does not release, or purport to release, the cause of action set up in the complaint.

This conclusion renders it unnecessary to determine whether one of the parties to a joint contract, which has not been fully executed, may return the joint consideration taken by him and held for the benefit of parties who have not signed such contract.

It has seemed to the writer quite remarkable that the judicial discrimination which readily recognizes a substantial difference between joint and several exceptions, joint and several assignments, joint and several demurrers, etc., should be color-blind as between joint and several contracts. If the answer were good, I should not be able to agree with the conclusions reached in the main opinion, notwithstanding the "joint exception."

I therefore dissent.