JAMES F. COCKRELL, Appellant, v. C. M. WILLIAMS, Respondent.

Kansas City Court of Appeals, June 14, 1915.

1. **BILLS AND NOTES: Signature by More Than One.** A note reading that "I, John Smith promise to pay to," etc., and signed by Smith and another is the note of both.

2. **AGENT: "Agt.": Abbreviation.** The letters "Agt." appended to a signature are understood commercially to be an abbreviation for the word "Agent."

3. ———: **Individual: Signature.** A contract agreeing that "the company" (a private corporation), would pay $1000 and signed by the company and another, who appended "Agt." to his name is the obligation of both.

4. ———: **Contract: Individual: Evidence Aliunde.** Where one signs his name to a note or contract with the letters "Agt." added to his name, he is prima facie, bound individually; but he may show that he was only an agent and not bound as an individual. Authorities discussed.

5. **CONTRACT: Joint Action.** A maker and guarantor of a contract can be sued jointly.

Appeal from Jackson Circuit Court.—*Hon. E. E. Porterfield*, Judge.

REVERSED AND REMANDED.

*M. E. Lawson* and *Fyke & Snider* for appellant.

*Battle McCardle* for respondent.

ELLISON, P. J.—This action was instituted against The Kansas City Terra Cotta Company and defendants A. F. Brooker and C. M. Williams, as signers of a contract for the payment of $1000. To Williams' signature there was added the letters "Agt." The case was dismissed as to the Terra Cotta Company, defendant Brooker made default and judgment was rendered in favor of Williams on the pleadings, on the ground that no cause of action was stated. The answer was a general denial. The petition set out the contract in these words: "Received of James F. Cockrell, one thousand ($1000) dollars in payment for Certificate No. 82, for ten shares of the stock of the Kansas City Terra Cotta Company, upon the express condition that if at the end of six months from the date hereof, said James F. Cockrell shall require the refund of said one thousand ($1000) dollars, upon his surrender of said certificate for said stock, the above company shall forthwith refund said one thousand ($1000) dollars upon the surrender of said certificate as aforesaid, and do hereby guarantee him six per cent on his one thousand dollars for the said six months. The Kansas City Terra Cotta Company, By A. F. Brooker, President, A. F. Brooker, C. M. Williams, Agt."

The petition also contained this allegation: "That at said date and in signing said writing said Williams was acting in his capacity as an individual, and not as agent of said corporation, and at such time was not agent of said corporation, and had no authority to act as such agent."

The particular point against the petition was made in an objection to receiving any evidence; and that objection was based on the ground that it appeared upon the face of the contract, as set out in the petition, that it was not signed by Williams so as to bind him individually.

Before entering upon the case, it is perhaps well to suggest that in considering the authorities on the question involved, here, they should not be confused with that class which generally exonerate the agent when acting for *public* institutions, such as the government, counties, cities, School Districts, etc. [Story on Agency, secs. 302-306; 1 Mechem on Agency, sec. 1428; McGee v. Larramore, 50 Mo. 425; School Town v. Kendall, 72 Ind. 91; McClellan v. Reynolds, 49 Mo. 312.]

It will be observed that the contract recites that in certain contingency the Terra Cotta Company will pay one thousand dollars. It will be further observed that after the proper signature of the company, there follows the name, A. F. Brooker, and then C. M. Williams, Agt. We can make our views clearer by dropping consideration of Brooker, as he is not defending, and for a moment omitting consideration of the abbreviation "Agt." added after Williams' name. If the contract were a note, and for purposes of our consideration it is like a non-negotiable note, the fact that it reads that the company will pay one thousand dollars does not prevent its being held to mean also that William would pay it, either as maker or guarantor, depending, perhaps, on intention. If a straight non-negotiable note reads "I, John Smith promise to pay to" etc., and is signed by John Smith and another, it is the note of both. [1 Daniels Neg. Instruments, sec. 94; Story on Promissory Notes, sec. 57.] Even when a note, though non-negotiable, is signed on the back by an apparent stranger, he is held to have signed as a maker. [Powell v. Thomas, 7 Mo. 440; Lewis v. Harvey, 18 Mo. 74.] Perhaps, as suggested in the last case, with a right to show that he was an endorser or guarantor.

Considering the case as it is, with the appendix to Williams' name, we think the letters "Agt" are,

plainly enough, an abbreviation for the word "Agent." In Barclay v. Persly, 110 Pa. St. 13, it was held the letters, "Fr." appended to a signature, were "meaningless hieroglyphics;" but we think that could not be said of the letters in this case. They are a well-recognized commercial abbreviation.

So what office can those letters, or the word, "Agent," have? Williams evidently did not sign the name of the company through himself as agent; for the company's name was properly signed by its president. Neither so far as the petition shows, could he have signed his name as agent in the sense that it was the company's obligation, for the company's obligation was made out by its signature through the hand of its president. Yet we must assume that a name signed to a contract has some purpose. In many jurisdictions it would be held that Williams' signature could have only one purpose and that, his personal obligation; and that parol evidence could not be heard to show the contrary. Otherwise, it is, in effect, said that signing his name is a wasted effort. [Heffner v. Brownell, 75 Iowa, 341; McCandless v. Belle Plaine C. Co., 78 Iowa, 341; Davis v. England, 141 Mass. 587; Scott v. Baker, 3 West Va. 285; Gavazza v. Plummer, 53 Wash. 14; Phillips v. Knight, 20 R. I. 624; Burbank v. Posey, 70 Ky. 372; Robinson v. Kanawha Valley Bank, 44 Ohio St. 441.]

On the other hand, a great number of the courts announce the rule that adding an official or a representative capacity to the signature, makes an ambiguity which may be explained. We think our own Supreme Court has adopted the latter rule. [Smith v. Alexander, 31 Mo. 193; Musser v. Johnson, 42 Mo. 74; Klosterman v. Loos, 58 Mo. 290; Hartzell v. Crumb, 90 Mo. 629, 640.]

In Peterson v. Homan, 44 Minn. 166, it is held "that where the words 'agent,' 'trustee,' or the like

are affixed to the name of a party to a contract, which may be either descriptive of the person or indicative of the character in which he contracts, they are prima facie descriptive only, but it may be shown by extrinsic evidence that they were understood as determining the character in which he contracted. . . . In other words, in order to show that he contracted in a representative capacity he must first prove the existence of that capacity. The reason for that is apparent. The evidence is admitted, not to defeat the contract, but to show who is liable upon it—whose contract it is.'' And such is the view expressed in the following cases: Metcalf v. Williams, 104 U. S. 93, 96; Braun v. Hess, 187 Ill. 283, 286; Brockway v. Allen, 17 Wend. 40; Kean v. Davis, 21 N. J. L. 683; Taylor v. Reger, 18 Ind. App. 466, 48 N. E. 262.]

Of course there are cases where the intention, as shown by the entire contract, is too plain for evidence *aliunde*. But this is not one of them. Restating what we have written above, we find in the body of the contract a promise that the ''company'' will ''refund said one thousand dollars,'' and that the contract is duly signed by the company. Then, after this formal signature, comes the name of ''C. M. Williams Agt.'' The petition alleges that the letters thus appended to his name, were not intended to affect his liability as an individual. We need not say whether that was not a matter of defense, unnecessary to set up in the petition, and properly belonging to the answer; but be that as it may, undoubtedly a cause of action was stated.

It is suggested by defendant that if there is any liability on his part it is that of a guarantor and that, as such, he could not be sued jointly with the maker, citing Ringo v. Graham, 67 Mo. 324. We dicussed that question at length in two opinions at this term: Roark v. Ideal Epworth Acetylene Co.; Write Away Pen Co.

v. Buckner, and ruled that such an action could be brought jointly.

The judgment is reversed and the cause remanded. All concur.